NEW-YORK PRACTICE REPORTS.    **177**

Getty agt. The Hudson River Rail Road Co.

## SUPREME COURT.

GETTY agt. THE HUDSON RIVER RAIL ROAD COMPANY.

BASSETT agt. THE SAME.    DUBOIS agt. THE SAME.

The 167th section of the Code imposes upon the party who would unite several causes of action in the same complaint that they be *separately stated.* Where this requirement is disregarded, the plaintiff can not defend his complaint against a demurrer founded upon the improper union of several causes of action, by showing that they were such as, by the provisions of the 167th section, he was authorized to unite in the same complaint.

Where the complaint contained allegations, mingled and connected together, constituting three distinct grounds upon which the plaintiff relied to sustain a recovery, each involving a legal question distinct from the others, *held,* that the defendants had a right to have these distinct and independent grounds of action separately stated, so that by answer or demurrer they could present the appropriate defence to each, they being such causes of action as might be lawfully united.

Six *grounds* of demurrer are specified in the Code. It is enough to authorize a demurrer that any one of these objections appear upon the face of the complaint. The demurrer must specify distinctly upon which of the several grounds of objection which justify this pleading, the party relies.

If the ground of objection, stated in the demurrer, is, in substance, any one of those specified in the 144th section of the Code, it is good as a pleading.

Except in reference to the alleged want of *jurisdiction* (whether of the person or the subject matter), or *a defect of parties* ( plaintiff, or defendant), all grounds of demurrer may be properly stated *in the very words of the statute.* (*This agrees with Durkee agt. the Saratoga and Wash. R. R. Co.,* 4 How. *P. R.* 171; *Swift agt. DeWitt,* 3 *id.* 280; *Hyde agt. Conrad,* 5 *id.* 361, *and is adverse to Purdy agt. Carpenter,* 6 *id.* 361.)

A demurrer is only appropriate when the ground of objection appears on the *face of the pleading.*

*Columbia Special Term, October* 1852. *Demurrer.* The complaint in each of these actions, states that the plaintiff is the owner of a farm in the town of Greenport, adjoining the Hudson river, and upon *a bay* in that river; that by virtue of his ownership and possession of his farm, thus fronting upon the river, he had been, and still was, entitled to the free and unobstructed use of the river as a highway to and from his farm, and the free

and unobstructed navigation of the river and all parts thereof. Yet the defendants, wrongfully intending to injure the plaintiff, had entered upon the river, and in constructing their rail road, had created a continuous line of obstruction between the channel ·of the river and low water mark, extending entirely across the bay from main land to main land; by means whereof the plaintiff ·is greatly injured and cut off from the navigation of the river.

It is further alleged, that by means of the obstruction, the plaintiff is deprived of the use of the bay as a means of access to and from his farm when the river is frozen over.

It is further alleged, that, by the 15th section of the act incorporating the defendants, it is provided that they shall construct such bridges as may be necessary to provide for the free passage of such vessels and boats as could then pass from the river into the bays that might be crossed in the construction of their rail road, and yet, although the plaintiff's farm lies upon such a bay, into which vessels had before passed and could yet pass, but for the obstruction erected by the defendants, the defendants have not constructed such bridge or bridges as are necessary to provide for the free passage of such vessels and boats as had before and still could pass into the bay, to the great damage of the plaintiff.

It is also alleged, that by the 16th section of the same act, it is provided that in cases where the rail road intersects the lands of individuals, or passes between such lands and the usual place ·of access to the river, and can not be conveniently crossed by reason of high embankment, deep cuts or otherwise, the defendants should, at their own expense, construct and sustain convenient passes or roads across or under the rail road, for the passage of persons, cattle, carriages and teams, for the purpose of farming or managing such lands and giving them their usual access to the river; and that although the plaintiff's farm lies upon a bay of the river, and the rail road passes between the farm and the usual and only place of access to the river, and can not be conveniently crossed, &c., the defendants have not constructed any passes, &c., to the great damage of the plaintiff.

Some other allegations are contained in each complaint which are not common to all, but as they are not involved in the ques-

tions discussed in the opinion of the court, it is unnecessary to
state them.

The relief sought by the plaintiffs was that the defendants
might be ordered and adjudged to construct, at their own expense,
and to maintain convenient passes or roads across their rail road,
as required by the 16th section of their act of incorporation; that
they might also be ordered and adjudged to construct forthwith
such a bridge as is required by the 15th section of the act; and
also that they might be compelled to pay to the plaintiffs, severally,
the damages sustained by them in the premises.

The defendants demurred to the complaint. The grounds of
demurrer are sufficiently noticed in the opinion of the court.

H. Hogeboom, *for Plaintiffs.*

J. Sutherland, *for Defendants.*

Harris, Justice.—A complaint is to contain a statement of
the facts which constitute a *single* cause of action (Benedict agt.
Seymour, 6 *How. Pr. R.* 298). This is the general rule. The
167th section of the Code makes certain exceptions to this
general rule. It authorizes two or more causes of action, in
certain specified cases, and under certain restrictions, to be united
in the same complaint. Where a complaint contains matter not
relating to the cause of action upon which the plaintiff relies, it
may be struck out as irrelevant or redundant. Where the mat-
ters thus stated constitute a distinct cause of action, so that, in
fact, two distinct causes of action are set forth, the defendant
may demur, upon the ground that several causes of action have
been improperly united, unless the pleader has brought his case
within the provisions of the 167th section. Prominent among
the conditions which this section imposes upon the party who
would unite several causes of action in the same complaint is,
the requirement that such causes of action shall be separately
stated. Where this requirement is disregarded, the plaintiff can
not defend his complaint against a demurrer founded upon the
improper union of several causes of action, by showing that they
were such as, by the provisions of the 167th section, he was
authorized to unite in the same complaint. That this is so, has,
I think, been clearly shown by Mr. Justice Willard, in Durkee
agt. The Saratoga and Washington Rail Road Co. (4 *How. Pr.*

*R.* 226; see also Pike agt. Van Wormer, 5 *How. Pr. R.* 171). Whenever two or more causes of action are found in the same complaint, it is liable to a demurrer, unless all the causes of action so united belong to some one of the classes of actions specified in the 167th section, and are set forth in the manner there prescribed.

As I understand the complaints in these actions, they each contain three distinct grounds upon which the plaintiffs rely to sustain a recovery; first, the erection of a continuous line of embankment between the plaintiff's farm and the channel of the river, whereby they are deprived of the use and navigation of the river, and in consequence of which they have sustained damage, &c.; then, the omission of the defendants to construct such a bridge as is necessary to provide for the free passage of vessels from the river into the bay, whereby the plaintiffs have also sustained damage, and lastly, the omission of the defendants to construct any passes or roads across their rail road, for the passage of persons, cattle, carriages and teams, for the purpose of enabling the plaintiffs to farm and manage their lands. I do not now propose to inquire whether all or any of these causes of action, if sustained by proof, would entitle the plaintiffs to recover. I am now regarding the allegations solely in reference to the character and sufficiency of the complaint as a pleading. Assuming that the plaintiffs are right in making these allegations, they should have been set forth as three separate causes of action. Each involves a legal question distinct from the others. Neither one is dependent upon either of the others. The defendants had the right to have these distinct and independent grounds of action so stated as that by answer or demurrer, as they should be advised, they could present the appropriate defence to each. Now, the three causes of action are so mingled and connected together that the defendants have no alternative but to answer the whole, or demur to the whole. Had they been presented as distinct causes of action, it is not unlikely that the defendants might have demurred to the first and last, on the ground that a sufficient cause of action was not stated. I say, *to the first*, because I think the question which that involves is settled by the very able opinion of Mr. Justice BARCULO, in Gould vs. The same defend-

ants (12 *Barb.* 616), and *to the last,* because it seems very questionable whether the 16th section of the act referred to in the complaint, has any application to a case like that stated by the plaintiff. On the other hand, it may well be, that the omission of the defendants to provide a passage for vessels to enter the bay adjoining the plaintiffs' land, would give them a right of action. According to the allegations in the complaint it was a duty which the act which gave them existence imposed upon the defendants. It is very likely, therefore, that the defendants, instead of demurring to this cause of action, would have preferred to answer it, either by controverting the allegations, or setting up new matter in avoidance. At any rate they had a right to have the several causes of action so stated that they could safely answer them separately.

I do not think the causes of action are such that they might not lawfully be united in the same action. Assuming that the plaintiffs can maintain an action for each of the several grievances of which they complain, I think they may all be considered as having arisen out of " the same transaction;" or at least, as so far " connected with the same subject of action," as to authorize their being united in the same suit, under the first subdivision of the 167th section. I am inclined to think they all belong to the *third class* also; but whether they do or not, it is not material to determine, for it is enough that they all belong to any one of the classes specified.

The demurrers in these cases, instead of being such pleadings as are contemplated by the Code, contain the defendants' argument in support of their objections. Five grounds of demurrer, or rather, *five points* are stated; some of which are again subdivided into several subordinate points; the whole occupying *ten folios.* The first two points, with their subdivisions, are the same stated in the report of Gould vs. The Hudson River Rail Road Co., above cited. So great *elaborateness* was, to say the least, quite unnecessary

Six grounds of demurrer are specified in the Code. It is enough to authorize a demurrer that any one of these objections appears upon the face of the complaint. But the demurrer must not be general. It must specify distinctly upon which of the

several grounds of objection which justify this pleading, the party relies. No *legislative* requirement goes beyond this. If the ground of objection, as stated in the demurrer, is, in substance, any one of those specified in the 144th section, I suppose it is good as a pleading. In some instances, two distinct grounds of demurrer are embraced in one of the subdivisions of the section mentioned. Thus, the defendant is authorized to demur when it appears " that the court has no jurisdiction of the person of the defendant, or the subject of the action." In a demurrer for want of jurisdiction it would, undoubtedly, be necessary for the defendant to state whether the alleged want of jurisdiction related to the " person of the defendant," or " the subject of the action." So, when the defendant demurs on the ground that it appears on the face of the complaint that there is a defect of parties, plaintiff or defendant, he should state whether it is a defect of parties *plaintiff*, or parties *defendant*, upon which he relies. But, in respect to the other grounds of demurrer, I do not understand that any thing more is required than to state the objection in the very words of the statute. What more should a party demurring be required to state than that it appears upon the face of the plaintiff's pleading, that he " has not legal capacity to sue," or " that there is another action pending between the same parties for the same cause," or " that several causes of action are improperly united," or that a cause of action is not stated? Whatever else is said, must be matter of argument, to show that the party demurring is right in making the allegation. No system of pleading ever required this. " It would lead to great prolixity, in many cases," said WILLARD, J., in Durkee agt. The Saratoga and Washington Rail Road Co., above cited, " if *the reasons* for saying that the complaint does not state facts sufficient to constitute a cause of action were required to be set forth. A demurrer would assume the form of a brief for counsel, rather than a pleading." The case in hand furnishes a forcible illustration of the truth of this remark (see also Swift agt. DeWitt, 3 *Howard.* 280; Hyde agt. Conrad, 5 *id.* 112).

In Purdy agt. Carpenter (6 *How. Pr. R.* 361), it was held that a demurrer, like those which had been sustained in the cases above cited, did not satisfy the requirements of the Code. This

Getty agt. The Hudson River Rail Road Co.

is the only case with which I have met which advocates the necessity of incorporating in a demurrer the *points* and argument upon which the party relies to sustain his demurrer upon the trial. Since this decision, the pleader has not felt himself safe in merely stating the grounds of demurrer, but, uncertain how the question would finally be settled, he has, in many instances, as in this, transferred his entire *brief* to his demurrer. The result is, that instead of " simplifying " this kind of pleading, it is rendered difficult and complicated. It often happens, as here, that it is no easy matter to glean from the multitude of points and arguments found in the demurrer, what are the real points upon which the party relies. Such pleading is, it seems to me, greatly to be deprecated.

In the premises stated by Mr. Justice BARCULO, in the learned opinion to which I have referred, and in much of his argument I fully concur; but I can not agree that his conclusions are sustained by his premises or his argument. I agree that there is now no such thing as a general demurrer. I agree, too, that the Code now requires, what was required by the rules of 1847, that the party demurring should " briefly but plainly specify the objections upon which he intends to rely on the argument." But I can not doubt that this requirement is satisfied by " distinctly specifying " upon which of the several grounds of demurrer enumerated in the 144th section the party relies. When he thus *distinctly* specifies one or more of such grounds, he precludes himself from taking, upon the argument of the demurrer, any other objection. This, I suppose, was what was intended by the 145th section. The party, to whose pleading the demurrer is taken, is thus apprised of the precise ground of objection.

It is not to be forgotten that a demurrer is only appropriate when the ground of objection appears on the face of the pleading. Can it be, that a party demurring upon the ground that it appears by the plaintiff's own showing that the court has no jurisdiction of the person of the defendant, must go farther and present reasons and arguments to maintain his objection? If it appear that the plaintiff is a *feme covert*, suing without a next friend, is it not enough to say, as the ground of demurrer, " that the plaintiff has not legal capacity to sue?" And so, when, passing

by all the other grounds of demurrer, the party declares that he will rely alone on the fact that, assuming all the plaintiff's allegations to be true, they do not give him a right of action, can he be required to go further and specify how he expects to maintain this position? Certainly, no great hardship can result from this "brief but plain" specification of the ground of objection upon which the party demurring relies. The plaintiff is made to know, that it will be insisted that he has not stated a cause of action. All he has to do is to prepare himself to maintain that his complaint is sufficient in this respect. I am not aware that under the former practice requiring demurrers to be *special,* any more *specific* or *distinct* statement of the ground of demurrer was required. Nor am I ready to admit that, in this respect, that system " which had been tried, and which worked well," has been abandoned. The grounds of demurrer have been changed, but the mode of stating such grounds has not been changed.

If I am right in these views, it will be seen that " section 145 does not become a *dead letter* by tolerating this mode of demurring." Both sections have their appropriate office. The 144th section declares what are valid grounds of demurrer. The 145th requires the party demurring distinctly to specify upon which of these grounds he means to rely; thus, negatively, disclaiming all other grounds of objection.

I might have disposed of this case without entering upon this discussion, but I have thought it might be worth while to make these suggestions, in the hope that they might tend to the early settlement of a question which, as the decisions now stand, can but perplex and embarrass the profession as well as judges. Nor will I deny that I have been actuated by the further hope, that the question would be so settled as to save this branch of our present system of pleadings from the difficulty and uncertainty which, it seems to me, would inevitably attend the establishment of the views presented in the very able opinion to which I have referred. For, if those views are to prevail, what pleader can know, until he learns the *peculiarities* of the judge who is to decide upon the question, whether or not he has "pointed out" with *sufficient distinctness* the grounds of his demurrer?

Judgment must be rendered for the defendants, in each of these cases, upon the sole ground that several causes of action, though such as might be joined in the same suit, are improperly blended together in the complaint. The plaintiffs are to have liberty to amend their complaints, upon payment of the costs of the demurrer, to be taxed by the clerk of Columbia.