## HULL *a.* VREELAND.

*Supreme Court, First District; General Term, Sept.,* 1864.

PLEADING. — MALICIOUS PROSECUTION. — JOINDER OF CAUSES OF ACTION.—JURISDICTION.

An averment that the act complained of was without probable cause, is essential to a complaint for malicious prosecution.

Slander of the plaintiff, and a false and malicious charge against him, made before a grand jury, are injuries to the character, and may be joined in one action.

Injuries to the character are of a transitory nature, and an action may be brought upon them wherever the defendant can be found.

Appeal from an order for judgment on demurrer.

The complaint in this action which was by Sheldon A. Hull against Stephen Vreeland, after describing certain promissory notes which he alleged the defendant had made and delivered to him, averred that in Jersey City, in presence and hearing, &c., the defendant spoke "these words, viz.: That he, the plaintiff, had falsely and feloniously forged his," the defendant's, "name to the said notes." * * * "And for a further and separate cause of action," averred that "the defendant went before the grand jury of Hudson county, in the State of New Jersey, and falsely and maliciously complained before said jury, and stated under oath, that the plaintiff had * * * * falsely and feloniously forged his, defendant's, name to said notes," &c., and that in consequence thereof the said grand jury indicted the plaintiff for forgery.

The complaint also alleged the arrest and trial of the plaintiff, and that he was " acquitted by the jury of said charge." That " the statements and oath of defendant before the grand jury * * * were wholly false and malicious ; that the defendant well knew at the time he made such statements and oath that the signatures to said notes were genuine," and averred special damage.

To this complaint defendant demurred. 1st. That several causes of action were improperly united. 2d. That the complaint did not state facts sufficient to constitute a cause of action. 3d. That the court had no jurisdiction of the subject of the action.

The cause was heard on the demurrer at special term, in June, 1860, and the following opinion given :

SUTHERLAND, J.—Without meaning to express an opinion, that in all cases a cause of action for slander can be properly united with a cause of action for malicious prosecution, I am of the opinion that the two causes of action set forth, or intended to be set forth, in the complaint in this action, both arise within the meaning of section 167 of the Code, out of injuries to character, and that, therefore, they were properly united in the same complaint.

The plaintiff must have judgment on the demurrer, with costs, with liberty to the defendant to answer in twenty days on payment of costs.

From the order entered thereon the defendant appealed.

*John Townsend, Jr.*, and *Peter Y. Cutler*, for the appellant. —I. The complaint does not set forth a good cause of action for malicious prosecution. 1. It does not aver 'want of probable cause, which is the very basis of the action. 2. The count for slander is defective, inasmuch as it does not contain the exact words spoken, but only an allegation of the substance or meaning of the words.

II. Two causes of action have been improperly united, without being separately stated. The two causes of action are slander and malicious prosecution, or at least false and malicious arrest. These, if united, should have been separately stated.

(Getty *a.* Hudson River R. R. Co., 8 *How. Pr.*, 177; Van Namee *a.* People, 9 *Ib.*, 198; Durkee *a.* Saratoga & Wash. R. R. Co., 4 *Ib.*, 226; Pike *a.* Van Wormer, 5 *Ib.*, 171; Strauss *a.* Parker, 9 *Ib.*, 342; Acome *a.* American Mineral Co., 11 *Ib.*, 24.) But the actions of slander and malicious prosecution cannot be united under the Code. By section 167 of the Code, subd. 3, all causes of action, *ex delicto*, can be joined, except slander and libel; and by subd. 4 of same section, actions for injuries to character (*i. e.* slander and libel) are placed in a distinct class. (Alger *a.* Scoville, 6 *How. Pr.*, 131.)

III. No adjudication has been found that an action for slander uttered in a foreign country may not be maintained; but it has been repeatedly held that an action for assault and battery or false imprisonment could not be maintained where the cause of action occurred abroad. And an action for a slander uttered abroad rests on the same principle. (Moloney *a.* Dows, 2 *Hilton*, 247.)

IV. The slander is averred to have been uttered in New Jersey. New Jersey is a foreign country. The complaint does not aver that by the laws of New Jersey the words uttered were slanderous.

V. The count in slander is clearly bad, because the words are averred to have been spoken in the course of a judicial proceeding, and as part of a prosecution alleged to have been malicious. A plaintiff cannot thus split up a cause of action for malicious prosecution into two actions. (Sheldon *a.* Carpenter, 4 *Comst. Rep.*, 579.) 1. Nor does he state the slanderous words. 2. He merely states that the words amounted to a charge of forgery.

*L. S. Chatfield*, for the respondent.

By the Court,*—Leonard, J.—The defendant has demurred to the complaint on three separate grounds:

*First.* For an improper joinder of two causes of action, one for slander, and the other, as the defendant insists, for malicious prosecution.

*Second.* That the facts stated in the complaint do not constitute a cause of action.

* Present, Leonard, Clerke, and Sutherland, JJ.

Hull *a.* Vreeland.

*Third.* That this court has not jurisdiction of the subject of the action.

The first cause of action stated in the complaint is unquestionably for slander. The second cause of action is inartificially stated, and, if intended as a count for malicious prosecution, wants one essential averment, viz: that the act complained of was without probable cause. But I think it was not the intention of the pleader to allege " malicious prosecution" in the technical sense.

The second count is for an injury to the plaintiff's character by a false and malicious charge, made by the defendant under oath before a grand jury, whereby several matters of special damage occurred, which the plaintiff sets forth.

These are causes of action which are embraced in the fourth subdivision of section 167 of the Code, and may be properly united in a complaint.

The defendant's counsel also urged at the argument that the complaint does not state the exact words spoken, and is therefore defective.

The complaint states that the words therein contained are those which the defendant spoke of, and concerning the plaintiff. It is true that the style is rather unusual for a conversation, but I am unable to perceive that the defendant did not use the words in the complaint set forth exactly as there stated.

The supposed want of jurisdiction arises from the acts complained of having transpired in New Jersey. The cause of action is transitory, and the plaintiff can recover his damages for such an injury wherever the defendant can be found. The slanderer does not acquire an immunity by departing from the State where he committed the injury.

None of the grounds urged against the complaint are well taken.

The order must be affirmed with costs of the appeal, with leave to answer in twenty days on payment of the costs of the demurrer and of the appeal, to be adjusted by the clerk.