GEORGE E. DODGE, Appellant, *v.* JOHN L. COLBY, Respondent.

108  445
134  539
108  415
135  339
108  445
140  466
108  445
75 AD³520

The courts of this state have no jurisdiction of an action for trespasses upon lands situate in another state.

Where the *gravamen* of an action is such a trespass the fact that the plaintiff might, upon the facts stated, have recovered some of the damages alleged to have been sustained in an action of trover, does not give the court jurisdiction.

Where the provision of the Code of Civil Procedure (§ 490), requiring the grounds of demurrer to be specifically stated is not complied with, the demurrer may be disregarded, and where a specific ground is stated which is untenable, the demurrer may not be sustained, although other grounds exist, which, if they had been stated, would have been sufficient.

A count in the complaint herein alleged, in substance, that plaintiff was the owner of certain lands situate in the state of Georgia; that defendant without probable cause and with full knowledge that neither he, nor those for whom he alleged he was acting, owned or had any meritorious claim to or interest in said lands, had asserted on various occasions specified, that he and certain others owned said lands, and that able counsel to whom the question had been submitted had decided that plaintiff had no title;

also, that defendant and his agents, acting in the premises by his authority, procured the publication in various newspapers of articles which were set forth and which contained substantially the same allegations; that said statements "were false and defamatory and were made and caused to be circulated by the defendant and by his agent maliciously and with intent to injure the plaintiff and his title," and that thereby plaintiff was prevented from selling or leasing said land, etc. On demurrer to the complaint *held*, that it stated a good cause of action for slander upon title. One ground of demurrer was that a cause of action of a transitory nature, of which the court had jurisdiction, had been united with one for trespasses on land in another state, of which the court had no jurisdiction. *Held*, that this was not a ground of demurrer authorized by the Code, and that the demurrer could not be sustained on the ground that there was an improper joinder of causes of action, one for slander and one for injuries to real property, such ground not having been stated therein.

Where there are several causes of action set forth in a complaint it is a proper ground of demurrer as to one of them that the court has not jurisdiction, but this does not authorize a demurrer on the ground that such cause of action is united with others, of which the court has not jurisdiction.

(Argued January 27, 1888; decided February 28, 1888.)

APPEAL from interlocutory judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made October 9, 1885, which affirmed a judgment in favor of plaintiff, entered upon an order overruling a demurrer to the complaint herein. (Reported below, 37 Hun, 515.)

The complaint herein contained three counts. The first two alleged in substance that plaintiff was the owner in fee of certain lands situate in the state of Georgia; that defendant and his agents "caused various persons to cut timber and take turpentine, the property of the plaintiff," from said lands, "and that the said timber and turpentine by the defendant and by his said agents."

The third count, after repeating the averments in the other two counts, alleged "that the defendant and his said agents acting in the premises by his authority, without reasonable or probable cause, and with full knowledge that neither he nor those for whom the plaintiff alleges that he is acting, owned

the said lands or had any meritorious claim thereto or interest therein, have publicly and widely circulated both in the state of Georgia, in this state, in the state of Massachusetts, and in other parts of the United States, the assertion that the plaintiff was not the owner of or interested in the said lands."

The complaint, after specifying various occasions where defendant himself had made such assertions, and setting forth the same, set forth various articles published at the instigation and by the procurement of the defendant in different newspapers, to the same effect, *i. e.*, that plaintiff had no title to the lands, but that the same were owned by defendant and his associates. Then followed these averments: "That the defendant and his said agents, in procuring the publication of the said articles and in making the aforesaid assertions, well knew and intended that the said assertions and the statements of the said articles should be, and that they became, widely circulated and published in the state of New York, in the state of Georgia, in the states of Massachusetts, Maine and New Hampshire, and in other large parts of the United States, and that they thus became known to large numbers of persons willing and wishing to purchase from the plaintiff parts of the said lands and timber and turpentine from them, and that, in consequence, the plaintiff has been prevented from making sales of lands, timber and turpentine, and from obtaining the benefit of the costly improvements which have been made by him and his predecessors upon the said lands; that there have been a large number of persons who were willing and desirous to purchase parts of the said lands and timber and turpentine from them, and who have been prevented from doing so by the aforesaid action of the defendant and of his said agents; that such persons would have paid to the plaintiff large sums of money for such lands, timber and turpentine, and that in consequence of the said action of the defendant and of his said agents not only has the plaintiff been unable to sell such lands, timber and turpentine to such persons, but he has been wholly prevented from selling the same to any persons whatsoever, and that in consequence the plaintiff has lost large sums of

money which would have been received by him upon such sales; that the plaintiff charges that the statements and assertions hereinbefore mentioned, in so far as they represent, either directly or indirectly, and in whatever language, that the plaintiff was not the owner of or interested in the said lands, or that the defendant, and those for whom he alleges that he is acting, did own the same, were false and defamatory and were made and caused to be circulated and published by the defendant and by his agents, maliciously and with the intent to injure the plaintiff and his title to the said lands."

The substance of the demurrer is set forth in the opinion.

*John E. Parsons* for appellant. The court has jurisdiction of the first cause of action although the land is in another state. (3 Com. 359, 374; 3 Doug. 373; *Master* v. *Miller*, 4 T. R. 320, 344; *Russell* v. *Smyth*, 9 M. & W. 810, 818; *Walworth* v. *Holt*, 4 M. & C. 635; *Lyle* v. *Richards*, 9 S. & R. 351; *Gambier's Case*, cited in *Mostyn* v. *Fabrigas*, 1 Cowp. 161. 180; *Bauerman* v. *Radenius*, 7 T. R. 663, 668; *Livingston* v. *Jefferson*, 1 Brock. 203; *Genin* v. *Grier*, 10 Ohio, 209.) This action is not trespass *quare clausum fregit*, but trespass *de bonis asportatis*, always a transitory action, of which the jurisdiction of this court is undoubted. (*Witherhead* v. *Allen*, 4 Abb. Ct. App. Dec. 628, 632; *Olcott* v. *Carroll*, 39 N. Y. 436; *Hale* v. *Omaha B'k*, 49 id. 626; *Lorillard* v. *Clyde*, 86 id. 384, 389; *Marie* v. *Garrison*, 83 id. 14, 23; *Rogers* v. *Woodbury*, 15 Pick. 156; 1 Chitty on Pldgs. [16th Am. ed.] 199, note *s.*; *Taylor* v. *Cole*, 1 H. Bl. 555; *Howe* v. *Wilson*, 1 Denio, 181, 182; *Dumont* v. *Smith*, 4 id. 319; *Allen* v. *Crofoot*, 5 Wend. 506; *Kenny* v. *Planer*, 3 Daly, 131.) It is entirely competent for the plaintiff, as he has, to waive the breaking and entering of his close and the severing of the timber and turpentine from the freehold, and accepting them as having, though by defendant's act, became personal property, to sue only for their wrongful appropriation and asportation, and recover as damages only their value as such. (*Shank* v. *Cross*, 9 Wend. 160; *Nelson* v. *Burt*, 15 Mass. 204;

*Wadleigh* v. *Jauvine*, 41 N. H. 503, 520; *Wright* v. *Grier*, 9 Watts [Penn.], 172; *Young* v. *Herdic*, 55 Penn. St. 172; 1 Chitty on Pl. [16th Am. ed.] 165; Comyn's Dig., Biens H.; Bacon's Ab. "Trover" B.; *Hoy* v. *Smith*, 49 Barb. 360, 361; *Shank* v. *Cross*, 9 Wend. 160; *Smith* v. *Butler*, 1 Daly, 508; *Newman* v. *Goddard*, 3 Hun, 70; *Barney* v. *Burstenbinder*, 7 Lans. 210, 213; *Home Ins. Co.* v. *Penn. R. R. Co.*, 11 Hun, 182; *Polly* v. *Wilkisson*, 5 Civ. Pro. 135; *Mussina* v. *Belding*, 6 Abb. Pr. 166; *Latourette* v. *Clarke*, 45 Barb. 327.) The court has jurisdiction of the second cause of action which is simply trespass on the case, for instigating, aiding and abetting "lawless and irresponsible persons" "to remove timber and turpentine from the land." (*Mussina* v. *Belding*, 6 Abb. Pr. 166; *Watts* v. *Kinney*, 6 Hill, 82; *Latourette* v. *Clarke*, 45 Barb. 327.) The court has jurisdiction of the third cause of action, slander of plaintiff's title. (*Boynton* v. *Boynton*, 43 How. Pr. 380; *Lister* v. *Wright*, 2 Hill, 320.) In sustaining the demurrer for misjoinder of causes of action, the General Term erred. (*Cook* v. *Chase*, 3 Duer, 643; *Fulton F. Ins. Co.* v. *Baldwin*, 37 N. Y. 648; *Carter* v. *De Camp*, 40 Hun, 258.)

*Stephen B. Brague* for respondent. This is an action for trespass *quare clausum fregit*. (2 Chitty's Plead. 588, 683, 688, 863, 868.) The action is local and the court has no jurisdiction. (1 Chitty's Plead. 242; *Warren* v. *Webb*, 1 Taunton, 379; *Livingston* v. *Jefferson*, 1 Brock., 203; *Clark* v. *Scudder*, 6 Gray, 122; 15 How. [U. S.], 233; *Watts* v. *Kinney*, 6 Hill, 82; affim'd 23 Wend. 484; *De Courcey* v. *Stewart*, 20 Hun, 561; *Cragin* v. *Lovell*, 88 N. Y. 258; *American Un. Tel. Co.* v. *Middleton*, 80 id. 408.) The facts stated do not constitute a cause of action for slander. (*Smith* v. *Spooner*, 3 Taunton, 346; *Kendall* v. *Stone*, 5 N. Y. 14; *Like* v. *McKinstry*, 41 Barb. 186.) The causes of action are improperly joined; trespass to land and slander of title. This is equally true if we admit the claim on the part of plaintiff that the action is trespass *de bonis asportatis* or *trover*.

(Code of Civ. Pro., § 484; *Keep* v. *Kaufman*, 56 N. Y. 332; *Wiles* v. *Suydam*, 64 id. 173.)

RUGER, Ch. J. The complaint contained three counts and the defendant demurred to it and to each separate cause of action stated therein upon three grounds, viz. :

*First.* That the court has not jurisdiction of the subject of the action.

*Second.* That the complaint does not state facts sufficient to constitute a cause of action.

*Third.* That causes of action have been improperly united, viz., a cause of action for a slander of title, being a transitory action, with one for trespass on lands without the state, of which the court has no jurisdiction.

The Special Term overruled the demurrer, and on appeal to the General Term that court reversed the order of the Special Term.

The General Term held that the first and second counts of the complaint each stated a cause of action arising out of trespass upon lands in the State of Georgia, and that in respect to such actions the courts of this state had no jurisdiction, and therefore, sustained the demurrer to those counts.

We concur in the conclusions reached by that court in respect to this portion of the complaint. The counts referred to, we think, under the liberal system established by the Code, each clearly stated a good cause of action in trespass *quare clausum fregit* and entitled the plaintiff, if sustained, to recover for all damages accruing to him from the acts described therein. It constitutes no answer to this proposition that the plaintiff might have recovered, upon the facts stated, some of the damages alleged to have been sustained by him, in an action of trover, so long as the *gravamen* of the charge was the unlawful intrusion upon his real estate. The cutting and tapping of trees constituted the real basis of the damages claimed. While the counts referred to, each allege the value of the timber and turpentine claimed to have been carried away from the premises of the plaintiff, this is merely incidental to the trespass alleged,

and the complaint concludes with a general prayer for judgment which would cover the damages arising from the alleged unlawful entry upon the plaintiff's lands and the trespasses committed thereon, as well as the incidental damages arising from the conversion of his property.

The doctrine that the courts of this state have no jurisdiction of actions for trespass upon lands situated in other states is too well-settled to admit of discussion or dispute. (*American Union Tel. Co.* v. *Middleton,* 80 N. Y. 408; *Cragin* v. *Lovell,* 88 id. 258.)   The claim urged by the plaintiff that if not permitted to maintain this action he is without remedy for a most serious injury, is quite groundless, and affords no reason for the assumption of a jurisdiction by this court which it does not possess.   The plaintiff would seem to have the same remedy for the trespasses alleged that all other parties have for similar injuries.   His lands cannot be intruded upon without the presence in the state, of the wrong-doer, and no reason is suggested why he could not seek his remedy against the actual wrong-doers in the courts having jurisdiction.   His remedy is ample and it is no excuse for assuming a jurisdiction which we do not have, that the plaintiff desires a remedy against a particular person, rather than one against the real perpetrators of the injury, who were exposed to prosecution in the place where the wrong was committed.

We are, however, unable to agree with the General Term, in the conclusion reached by it, that the third count does not state a good cause of action.   We are inclined to think that this result was arrived at through inadvertence in failing to observe the allegation in the count that the statements alleged to be slanderous " were false and defamatory, and were made and caused to be circulated and published by the defendant and his agents maliciously and with the intent to injure the said plaintiff and his title to the said lands."   The demurrer concedes the truth of this allegation and renders it improper for the court to refer to the statements so alleged to be false, defamatory and malicious, as the foundation of a claim that they were made in good faith and in the exercise of a lawful

right on the part of the defendant to assert his title to the lands referred to.

The statement in the complaint that the defendant alleged that his title had been investigated by four able legal gentlemen, who unanimously concurred in pronouncing the plaintiff's title bad, was precisely one of the statements. which the complaint alleged to have been false, defamatory and malicious, and the truth of which characterization was admitted by the demurrer. It was error, therefore, in the court below to refer to this statement as proof of the propriety of the defendant's claim to be the owner of the lands, or as justifying, in any degree, the alleged slanderous statements.

We are of the opinion that this count of the complaint substantially complied with the requirements of the rule relating to the statement of a cause of action for slander upon title. The General Term, we think, also erred in sustaining the demurrer to the third count, upon the ground that there was an improper joinder of causes of action. It is quite true that, under section 484 of the Code of Civil Procedure, causes of action for slander cannot properly be joined with actions for injuries to real property; but this was not the ground of objection stated in the demurrer. The ground there specified was that a cause of action of a transitory nature, of which the court had jurisdiction, had been united with one for trespasses upon land in another state, of which the court had no jurisdiction. This is not one of the grounds of demurrer authorized by the Code. It is a proper ground of demurrer that the court has not jurisdiction of any specified cause of action, but this does not authorize a demurrer, upon the ground that such causes. of action are united with one of which it has jurisdiction.

The first and second counts of the complaint must be held bad, upon the ground that the court had not jurisdiction of the subject of the action; but no sufficient ground of demurrer has been presented to the third count, and it must, therefore, be held good. The Code requires the grounds of demurrer to be specifically stated, and when that is not done it may safely be disregarded. (Code of Civ. Pro. § 490.)

Our conclusion, therefore, is that the judgment of the General Term should be affirmed, except in so far as it relates to the third count, and as to that it should be reversed, and that of the Special Term affirmed, without costs to either party upon this appeal.

. All concur.

Judgment accordingly.