(8 Misc. Rep. 91.)

FOLEY v. MAIL & EXP. PUB. CO.

(Superior Court of New York City, Special Term.    April, 1894.)

1. PLEADING—DEMURRER—SPECIFICATION OF OBJECTIONS.
    Under Code Civ. Proc. § 490, providing that a demurrer must specify the objections to the complaint, a demurrer is insufficient where it states generally that "there is a defect of parties plaintiff," or that "plaintiff has not legal capacity to sue."

2. MASTER AND SERVANT—ACTION ON CONTRACT OF HIRING—PLEADING.
    In an action for breach of contract to employ plaintiff for a certain
    time provided his services should be satisfactory to defendant, the com-
    plaint is sufficient on demurrer where it alleges that plaintiff was dis-
    charged "without any reasonable cause whatever."

Action by William Foley, an infant, by his guardian ad litem,
against the Mail & Express Publishing Company. Defendant de-
murs to the complaint.   Overruled.

A. W. Birkins, for plaintiff.
Wm. Irwin, for defendant.

GILDERSLEEVE, J.   The action is brought by an infant for dam-
ages for wrongful dismissal from the employment of the defendant,
which employment is alleged in the complaint to have been entered
on, under an agreement in writing, for three years.   A copy of this
agreement is annexed to the complaint, and made a part of it.   The
allegation in the complaint is that the plaintiff was discharged, with-
out reasonable cause, about three months after entering upon the
employment; and the action is brought for damages for loss of wages
under said agreement of employment from the date of dismissal to
the end of the term of three years.   The defendant demurs on the
grounds (1) that the plaintiff has not legal capacity to sue; (2) that
there is a defect of parties plaintiff; and (3) that the complaint does
not state facts sufficient to constitute a cause of action.

I do not think the first and second grounds of demurrer can be sus-
tained.   There is nothing on the face of the complaint to show that
plaintiff has not legal capacity to sue, or that there is a defect of par-
ties plaintiff, and the demurrer fails to point out specifically the par-
ticular defect relied upon.   Where the demurrer is made on the
ground that the plaintiff has not legal capacity to sue, or that there
is a defect of parties plaintiff, it must point out specifically the par-
ticular defect relied upon.   Code, § 490.   And, where these grounds
are not specifically stated, the demurrer, so far as based on these
grounds, may be disregarded.   Dodge v. Colby, 108 N. Y. 445, 15 N.
E. 703.   A mere general statement in the demurrer that "there is a
defect of parties plaintiff," or that "the plaintiff has not legal capac-
ity to sue," without stating the defects relied upon specifically, is in-
sufficient.   See Hodge v. Drake (Sup.) 14 N. Y. Supp. 355; Code,
§ 490; Dodge v. Colby, 108 N. Y. 445, 15 N. E. 703.

There now remains to be discussed the third ground of demurrer,
i. e. that the complaint does not state facts sufficient to constitute a
cause of action.   A demurrer is only proper when the ground thereof
appears on the face of the complaint.   Getty v. Railroad Co., 8 How.
Pr. 177; Bank v. Donnell, 40 N. Y. 410.   On demurrer the complaint
must be liberally construed, and all its allegations, for the purposes
of the demurrer, must be taken as true.   The complaint alleges that
the agreement of employment was entered into by plaintiff and de-
fendant in writing; and it sets forth a copy of the agreement, which
appears to be signed by the plaintiff and two others.   It does not
appear who these two others are; but in view of the allegation of
the complaint that defendant, as well as plaintiff, entered into the

contract, it may be reasonably supposed that the agreement was signed by defendant's agent as well as by plaintiff. The plaintiff entered upon his employment, and continued in such employment for some three months, when he was discharged. The contract of employment provides that "this agreement is to run for the period of three years, provided my [i. e. plaintiff's] services shall be satisfactory to the publishers [i. e. the defendant]; and, in case they are not. I shall be entitled to one week's notice," etc. To be sure, the complaint does not state whether plaintiff was given the one week's notice or not; but it is fair to assume that it was given, as the point is not raised in the complaint. But the complaint alleges that plaintiff was discharged "without any reasonable cause whatever." In the agreement the defendant reserved to itself the power to discharge the plaintiff whenever his services ceased to be satisfactory to the defendant, upon giving plaintiff one week's notice; but the complaint alleges that plaintiff was not discharged for any reasonable cause, and certainly it would have been reasonable cause if his services had not been satisfactory. It is quite within the bounds of possibility that plaintiff may have been discharged for some other reason than unsatisfactory performance of his services; but this reason, whatever it may have been, is alleged in the complaint to have been unreasonable, and therefore not justifiable, within the contract. As I have said, the complaint must be liberally construed, and all its allegations must be taken to be true, so far as the determination of the demurrer is concerned. I am of opinion that, so far as appears on the face of the complaint, the agreement was in writing, and subscribed by the parties to be charged therewith, and therefore not void, under the statute (Laws 1863, c. 464). The third ground of the demurrer is therefore not well taken. The demurrer must be overruled, with leave to defendant to answer on payment of costs within 20 days after service of notice of entry of the order hereon. Ordered accordingly.