## LEONARD v. DONOGHUE.

(Supreme Court, Appellate Division, Second Department. January 9, 1903.)

1. DEMURRER TO COMPLAINT—FAILURE TO SPECIFY OBJECTION.

Under Code Civ. Proc. § 490, providing that the demurrer to the complaint must distinctly specify the objections to the complaint, otherwise it may be disregarded, there is no error in overruling a demurrer not specifically pointing out a defect, though the complaint is defective in allegations in reference to the guardianship of plaintiff, who is not alleged to be an infant, and in not alleging more definitely the appointment of such guardian.

2. SAME—APPEAL—IMMATERIAL DEFECTS.

Under Code Civ. Proc. § 723, providing that, in every stage of the action, the court must disregard an error or defect which does not affect substantial rights, a defect in the complaint in the allegations in reference to the guardianship of plaintiff, who is not alleged to be an infant, and in not alleging more definitely the appointment of the guardian, will be disregarded on appeal from judgment overruling a demurrer to the complaint, which demurrer did not specifically state the defect.

Appeal from city court of Yonkers.

Action by Julia Leonard, by David Leonard, her guardian ad litem, against Frances E. Donoghue. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

F. X. Donoghue, for appellant.
William Riley, for respondent.

WOODWARD, J. The defendant's demurrer to the complaint in this action has been overruled, and, while it is plain that the pleading is somewhat defective, we are of opinion that, under the liberal system established by the Code of Civil Procedure (Dodge v. Colby, 108 N. Y. 445, 450, 15 N. E. 703), the interlocutory judgment should stand. The defect in the pleading now pointed out was not specifically stated in the demurrer, as required by section 490 of the Code of Civil Procedure, and in such cases the demurrer may properly be disregarded. Mitchell v. Thorne, 134 N. Y. 536, 539, 32 N. E. 10, 30 Am. St. Rep. 699, and authorities there cited. But, aside from this provision of the Code, it is also provided (section 723, Code Civ. Proc.) that, "in every stage of the action, the court must disregard an error or defect, in the pleadings or other proceedings, which does not affect the substantial rights of the adverse party." The same section provides for the amendment of the pleading or other proceeding by adding or striking out the name of a person as a party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting an allegation material to the case, etc.; and there is no doubt that the complaint in this action states a good cause of action, the defect being in the allegations in reference to the guardianship of the plaintiff, who is not alleged to be an infant, and the complaint is also deficient in not alleging more definitely the appointment of such guardian. These are matters, however, which the court has full power to permit to be added by amendment, upon such terms as justice may require, and the defendant, having failed to properly raise his question by demurrer, has no right to complain if the interlocutory judgment is affirmed.

The interlocutory judgment appealed from should be affirmed, with costs. All concur.