### TEPFER v. IDEAL GAS & ELECTRICAL FIXTURES CO.

(City Court of New York, Special Term. March 4, 1908.)

1. PLEADING—DEMURRER—ADMISSION BY DEMURRER.

By demurring to the complaint on the ground of insufficiency, defendant concedes that plaintiff is entitled to the most favorable construction of his pleading, and admits all the facts stated, as well as such as may be implied by fair reasonable intendment.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 525–526½.]

**2. CORPORATIONS—CAPITAL STOCK AND DIVIDENDS—EFFECT OF TRANSFER OF SHARES.**

As between the seller and buyer of shares of stock, it is a settled rule that the buyer is entitled to all dividends on the stock which are declared after the sale, and this is true even though the transfer is not recorded, and it makes no difference when the dividends were earned, since the accrued profits and expected dividends enter into the price at which stock is sold.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 569.]

**3. SAME—STOCKHOLDERS—SUING CORPORATION—PLEADING.**

A complaint in an action to recover unpaid dividends which fails to allege that plaintiff was the owner of the stock at the time the dividends were declared, or became entitled to them by reason of a subsequent assignment, is deficient on demurrer, because, when a dividend is made payable on a day subsequent to the day on which it is formally declared, it belongs to the stockholder who owns the share on the day the dividend is declared, and not to the owner at the time it is payable.

Action by Samuel Tepfer against the Ideal Gas & Electrical Fixtures Company. Defendant demurs to the complaint on the ground of insufficiency. Demurrer sustained.

D. W. Rockmore, for plaintiff.
Conyngton & Harrison, for defendant.

FINELITE, J. Defendant demurs to the complaint and the two causes of action therein stated, on the ground that the same does not state facts sufficient to constitute a cause of action. The action is brought to recover unpaid dividends. By defendant demurring to plaintiff's complaint the defendant concedes that the plaintiff is entitled to the most favorable construction of his pleading (Springfield Fire & M. Ins. v. Village of Keeseville, 80 Hun, 162, 29 N. Y. Supp. 1130; Foley v. Mail & Express, 8 Misc. Rep. 91, 28 N. Y. Supp. 778), and admits all the facts stated, as well as such as may be implied by fair, reasonable intendment (Sage v. Culver, 147 N. Y. 241, 41 N. E. 513; Greeff v. Equitable Life Soc., 160 N. Y. 19, 54 N. E. 712, 46 L. R. A. 288, 73 Am. St. Rep. 659). The complaint alleges, first, that the defendant is a domestic corporation; second, that the defendant is a stockholder of record of said corporation to the extent of 45 per cent. of its stock; third, that on the 23d day of November, 1907, at a special meeting of the board of directors, it was resolved and directed that the treasurer of said company be authorized and directed to pay weekly, on Saturday of each week thereafter, not less than $150 to the holders of the stock of said defendant's company on all of the unpaid dividends, then amounting to the sum of $16,101.24, which sum was then and there fixed as the unpaid dividends of the defendant's corporation; fourth, that by reason of his holdings of record he was entitled to receive the sum of $405, which was demanded and refused. The second cause of action is identical with the first, except that the amounts involved are different.

As between the vendor and vendee of shares of stock, it is a settled rule that the vendee is entitled to all dividends on the stock which are declared after sale of such stock. Even though the transfer has not been recorded, the transferee has a right to the dividends as against the

transferrer. The law, moreover, refuses to investigate the question when the dividend was earned. In contemplation of law the net profits are earned the instant the dividend is declared. This rule is just, inasmuch as the accrued profits and expected dividends enter into the price at which the stock is sold. A transfer of stock passes, of course, all dividends declared subsequently to the transfer, although the dividend was earned before the transfer was made. Currie v. White, 45 N. Y. 822. The complaint is deficient, in that it fails to allege that the plaintiff was the owner of the stock at the time the dividends were declared, or became entitled to them by reason of a subsequent assignment, because when a dividend is made payable on a day subsequent to the day on which it is formally declared it belongs to the stockholder who owns the share on the day the dividend is declared and not to the owner at the time it is payable. Hopper v. Sage, 112 N. Y. 530, 20 N. E. 350, 8 Am. St. Rep. 771.

Demurrers sustained, with costs. Leave to plead over upon payment of costs. Settle judgment on notice.