### SUPREME COURT.

NATHAN P. EATON and others agt. CHARLES J. BALCOM and others.

In an action against one of two obligors or contractors, upon a *joint* obligation or contract, the complaint is *demurrable for defect of parties*. (*This decision is adverse to Schofield* agt. *Van Syckle*, 23 *How.* 97; *and partially so to that of Brainard* agt. *Jones*, 11 *How.* 569, *which cases are considered to be overruled by the case of Zabriskie* agt. *Smith*, 3 *Kern.* 322.)

If one of the parties to a joint contract is deceased when the action is commenced, the fact should so appear in the complaint.

*Albany Special Term, February* 25, 1867.

DEMURRER to complaint for defect of parties.

The action is upon a joint and not several undertaking, given in an action, and executed by the defendant Balcom, and one Milton W. Skiff. Skiff is not a party to the action, and Balcom demurs for this cause.

L. C. PECK, *for plaintiffs.*

C. C. HARDING, *for defendant Balcom.*

MARVIN, J. The defendant may demur to the complaint,

when it shall appear upon the face thereof, that there is a defect of parties plaintiff or defendant.

But for two or three decisions hereafter noticed, I should not have hesitated to decide promptly, that this demurrer was well taken. The contract upon which the action is founded, is joint and not several, and Balcom has a right to have his co-contractor made a party to the action. It is said that the defect of parties does not appear upon the face of the complaint, because it does not appear that Skiff was living at the time the action was commenced, and if he was not living, then the action was properly brought against Balcom upon the joint undertaking, and that it was unnecessary for the plaintiffs to say in their complaint, whether Skiff was living. The complaint shows that he executed the contract, and the presumption is that he is still living, not that he is dead. It was, however, held in this district, in *Brainard* agt. *Jones* (11 *How.* 569), that the objection to the complaint for non-joinder of a party, could not be taken by demurrer, unless the complaint shows that the party omitted was living when the suit was commenced; that such fact must appear affirmatively; and when it did not so appear, the objection should be taken by answer. This position is authorized by *Burgess* agt. *Abbott* (1 *Hill*, 476, *S. C.; in the Court for the Correction of Errors*, 6 *Hill*, 135). The question was between a demurrer and a plea in abatement, and the opinions delivered show much conflict in the authorities, and much doubt in the judges delivering the opinions. The decision was under the old system of pleading. The Code, however, provides that when the matters for which a demurrer will lie, do not appear upon the face of the complaint, the objection may be taken by answer.

In *Brainard* agt. *Jones*, the obligation was joint and *several*, and the decision of the court overruling the demurrer, was undoubtedly correct. The remarks of the learned justice upon the question we are considering, were not necessary to the decision of the case. It was decided in September, 1855, by the general term.

*Scofield* agt. *Van Syckle* (23 *How.* 97), is in point. It is a

VOL. XXXIII.    6

general term decision, made in 1862. The contract was
joint only.  The opinion delivered is very brief, and the
only authorities referred to are *Brainard* agt. *Jones,* and *Burgess* agt. *Abbott* (*supra*).  I am not satisfied with these decisions, but it is probably my duty to follow them at special
term, unless there is a conflict of authority, or that the court
of appeals have passed upon the question.  No conflicting
case directly in point, is cited by counsel.  But is not the
case of *Zabriskie* agt. *Smith* (3 *Kern.* 322), decided by the
court of appeals in December, 1855, in conflict with the
above cases?  In that case, the cause of action was in four
persons jointly.  Three of them brought the action, averring that the party (one Gray) not joined in the action,
had assigned his interest to one of the plaintiffs.  The
answer denied the assignment, and insisted that Gray should
have been made a party plaintiff.  The court of appeals
held, that the interest of Gray was not assignable, and that
the assignment was of no effect, and that he should have
been a party plaintiff to the action.  That this objection
could only be taken by demurrer, and not having been so
taken, it was waived. (*See p.* 336.)  Judge DENIO, after
referring to the Code (§§ 144 *and* 147), remarks:  "Here the
facts were fully disclosed by the complaint, and the defendant could have demurred."  It was averred in the complaint,
" that Gray retired from the firm prior to the commencement
of the suit, and had assigned to Zabriskie, a copartner, and
one of the plaintiffs, all his right, share and interest in the
goods so sold, and all claims and right of action against
the defendant in respect of the premises."  It is not stated
affirmatively, that Gray was living when the action was commenced.  But it does appear from the complaint that the
cause of action was in the three plaintiffs and in Gray,
jointly; and that Gray assigned his right and interest to
one of the plaintiffs, before the action was commenced.
These were the facts that were fully disclosed by the complaint, and nothing more.  It was not made a question in
the complaint whether Gray was dead or alive, when the
action was commenced.

It is substantially averred in the answer that Gray was living when the action was commenced, as it is claimed that he should have been made a party, and there is a prayer that the complaint should be dismissed, on account of his not being joined. Apply this case to the one under consideration, and if the demurrer is overruled, and the defendant is driven to raise the objection of the defect of parties by answer, he must be defeated by the objection that having neglected to demur, he has waived any objection for a defect of parties.

Understanding *Zabriskie* agt. *Smith*, as I do, it is a direct authority in favor of this demurrer. This case was not decided when *Brainard* agt. *Jones* was decided, and I think that the attention of the court could not have been called to it in *Scofield* agt. *Van Syckle* (*supra*).

If one of the parties to a joint contract is deceased when the action is commenced, the fact should so appear in the complaint.

There must be judgment for the defendants upon the demurrer, with leave to the plaintiffs to amend their complaint.

———•+•———

## BEFORE NEW YORK CITY JUDGE.