CALVIN HAINES et al., Respondents, *v.* SARAH E. HOLLISTER et al., Appellants.

An assignee for the benefit of creditors of an insolvent copartnership, the representatives of a deceased partner, and the surviving partners may properly be joined as parties defendant, and an action may properly be brought against them by a creditor of the firm, to compel the assignee to account and pay over to plaintiff his share of the proceeds of the partnership property, and (it being alleged in the complaint that the surviving partners are insolvent) to recover of the representatives the balance of plaintiff's claim. (ALLEN and EARL, JJ., dissenting.)

*Grant* v. *Shuster* (1 Wend., 152) distinguished.

*It seems*, it is not necessary in such an action that the other creditors should be made parties, or that the action should be brought in their behalf.

Even if it were necessary, when it does not appear upon the face of the complaint that there are other creditors, this is not a good ground for demurrer.

(Argued December 22, 1875; decided January 18, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, in favor of plaintiffs, entered upon an order affirming an order of

Special Term overruling a demurrer on the part of defendants Sarah E. Hollister and James Simmons to plaintiffs' complaint.

The complaint in this action alleged, in substance, that prior to July, 1869, E. M. Hollister, defendant Sarah E. Hollister's intestate, and defendants Jones, Newman and M. M. Hollister, were partners; that their firm was indebted to plaintiffs upon two promissory notes; that said firm became insolvent, and the individual members thereof made an assignment for the benefit of its creditors, of all the partnership property and effects, to defendant Simmons; that Simmons accepted the trust, but has never made any settlement or accounting; that said E. H. Hollister died, leaving a large estate; that the surviving partners are and have been since May, 1869, utterly insolvent. Plaintiffs asked judgment, among other things, that defendant Simmons render an account of the assigned property, and pay over to plaintiffs to apply on said notes the proportion of the assets to which they are entitled, and that judgment be rendered against said Sarah E. Hollister as administratrix, etc., for the balance unpaid, and for such further relief, etc.

The defendant Sarah E. Hollister demurred: first, that several causes of action were improperly united; second, that as against her the complaint did not state facts sufficient to constitute a cause of action.

Defendant Simmons also demurred on the same grounds; and also that there was a defect of parties, none of the other creditors of the firm except plaintiffs having been made parties.

The demurrers were overruled, with leave to said defendants to answer.

*W. F. Cogswell* for the appellants. The demurrer on the ground that causes of action were improperly joined was well taken. (Code, § 167; *Grant* v. *Shuster*, 1 Wend., 152; *Gardner* v. *Walker*, 22 How., 405; *Union Bk.* v. *Mott*, 27 N. Y., 633; *Voorhis* v. *Childs*, 17 id., 354; *Richter* v. *Poppen-*

*heusen,* 42 id., 373.) The complaint did not state facts suffi-
cient to constitute a cause of action. ( *Wakeman* v. *Grover,* 4
Paige, 23.)

*A. Holmes* for the respondents. Plaintiffs could proceed
against the surviving partners of the firm and the representa-
tives of the deceased partner jointly. (*Lawrence* v. *L. and W.
Orphan House,* 2 Den., 577 ; *Voorhees* v. *Baxter,* 1 Abb. R.,
43 ; *Parker* v. *Jackson,* 16 Barb., 44, 45 ; *Stahl* v. *Stahl,* 2
Lans., 60, 66 ; *Hammersley* v. *Lambert,* 2 J. Ch., 507, 509 ;
*Van Riper* v. *Poppenheusen,* 43 N. Y., 68, 74 ; *Pope* v. *Cole,*
55 id., 124.) To sustain a demurrer for non-joinder of a
defendant, it must appear that the party not joined is jointly
liable with the one sued. (*Hillman* v. *Hillman,* 14 How.
Pr., 459 ; *Newbould* v. *Warren,* 14 Abb., 80, 85, 86 ; *Stockwell*
v. *Wager,* 30 How., 271 ; *Wooster* v. *Chamberlain,* 28 Barb.,
602.)

MILLER, J. The joinder of the administratrix of Emmett
H. Hollister as a defendant, with the surviving partners of
the firm of which he was a member while living, is no valid
ground of demurrer to the complaint. It appears from the
complaint that the surviving partners are insolvent, and noth-
ing can be collected from them, and when this is averred, the
plaintiff may proceed in equity against the surviving part-
ners, and the representatives of a deceased partner jointly.
(*Lawrence* v. *Leake & Watt's Orphan Asylum,* 2 Denio, 577 ;
*Parker* v. *Jackson,* 16 Barb., 44, 45.) See also *Van Riper*
v. *Poppenhausen* (43 N. Y., 68) ; *Pope* v. *Cole* (55 id.,
124), which have a bearing upon the question as to the liabil-
ity of the representative of a deceased partner, where the
survivors are insolvent. As this is an equity action, the
assignee of the firm, who had received its assets and never
rendered any account for the same, was a proper party. He
represents the firm, stands in its place so far as property
is concerned, and the avails of the same in his hands are first
liable to be appropriated to pay the demand of the plaintiffs.

No valid reason exists why a person thus situated is not a proper party, in connection with the survivors of the copartnership and the representative of the deceased partner. If it were otherwise several actions would be required, and while no rule of law is violated, the ends of justice are answered by such a joinder. The case of *Grant* v. *Shurter* (1 Wend., 148), cited by the defendants' counsel, relates to actions at law, and contains nothing inconsistent with the views expressed. The same remarks are applicable to the other cases cited in the same connection.

The objection that the other creditors should have been made parties, or that the action should have been brought on their behalf, is not well taken. The fact that other creditors exist does not appear upon the face of the complaint, and independent of any thing which is apparent, the plaintiffs are the only creditors. Besides, under the act of 1860 (§ 64, p. 595), any creditor of the assignor may compel an accounting.

If there is a defect of parties it must be apparent to entitle a defendant to demur on that account. (Code, § 144.) So, also, if this defect actually exists, if it does not appear upon the face of the complaint, the objection should be taken by answer. (Code, § 147.) The joinder of the different parties presents no difficulty in the way of entering up a proper judgment, and even if the prayer of the complaint is erroneous in asking for a judgment against the survivors of the copartnership, for the balance remaining unpaid, the complaint is not demurrable for that reason. Upon the whole, as the action was of an equitable nature, all of the defendants, who, it appears, were in some way interested, were proper parties. The survivors, as the original debtors, had a right to be notified of the proceedings which affected their interests, as well as the administratrix, as the representative of a deceased copartnership, and the assignee who had the property of the firm in charge, and represented the entire copartnership. Without all of them there would be a want of proper parties. And in this form the rights of all the parties

would be fully protected, and the whole controversy in which each of them had some interest be lawfully disposed of.

The judgment was right and should be affirmed, with costs.

All concur; except ALLEN and EARL, JJ., dissenting; CHURCH, Ch. J., not voting.

Judgment affirmed.