## SUPREME COURT.

DANIEL W. FISH agt. ISAAC M. HOSE, and another.

*Pleading — Complaint — when it is sufficient — Misjoinder of parties defendant — Demurrer — Code of Civil Procedure, section 488.*

In an action against two defendants a complaint will not be held defective on a joint demurrer by both, put upon the ground that it does not state facts sufficient to constitute a cause of action, if it states a cause of action against either.

That there is a misjoinder of parties defendant is not a ground of demurrer. The defect of parties defendant, for which a demurrer may be interposed, is a deficiency.

*Special Term, April,* 1880.

DEMURRER to complaint.

*A. J. Perry,* for defendants.

*Hawkins & Cothren,* for plaintiff.

VAN VORST, *J.* — This is a joint demurrer by the defendants. The plaintiff has clearly a cause of action against the defendants, *separately.* The demurrer takes the objection that the facts stated do not constitute a cause of action against the defendants, jointly or severally.

But in an action against two defendants the complaint will not be held bad on a joint demurrer by both defendants, put upon the ground that it does not state facts sufficient to constitute a cause of action, if it states a cause of action against

either (*Phillips* agt. *Hagadorn*, 12 *How. P. R.*, 17 ; *Eldridge* agt. *Bell, idem*, 547).

In order to have reached the true ground of objection which is argued in this behalf the demurrer should have assigned as grounds thereof that causes of action had been improperly united (*Jackson* agt. *Brookins*, 5 *Hun*, 531).

It is objected by the demurrer that there is a misjoinder of parties defendant.

But no such objection can be taken by demurrer. The defect of parties defendant, for which a demurrer may be interposed, is a deficiency (*Code Civil Procedure, sec.* 488, *subs.* 5 *and* 6 ; *Peaboddy* agt. *Washington Co. Mutual Ins. Co.*, 20 *Barb.*, 339 ; *Richtmyer* agt. *Richtmyer*, 50 *Barb.*, 55).

There should be judgment for the plaintiff on the demurrer, with liberty to the defendants to answer on payment of costs.