## SULLIVAN *et al. v.* NEW YORK & R. C. CO.

*(Supreme Court, General Term, Third Department.   May 17, 1888.)*

1. PARTIES—NON-JOINDER APPEARING ON FACE OF COMPLAINT—HOW TAKEN ADVANTAGE OF.

    Where it does not appear from the complaint whether an omitted plaintiff is living at the time of commencing the action, defendant must take advantage of the defect by demurrer, and he cannot set it up in his answer.

2. CONTRACTS—TIME OF PERFORMANCE—WHAT IS REASONABLE TIME.

    In an action for damages on the ground that defendant prevented plaintiffs from performing a contract between the parties to run a tunnel in defendant's quarry, where it appears that work was suspended by consent of parties until a general resumption of work in the quarry, plaintiffs cannot recover if they were given an opportunity to resume work within a reasonable time after the general resumption, and before they had reasonably engaged in other work.

3. TRIAL—INSTRUCTIONS—DAMAGES FOR BREACH OF CONTRACT.

    In an action to recover damages on the ground that defendant prevented plaintiffs from performing a contract between the parties to run a tunnel in defendant's quarry, it appeared that work was suspended by consent of parties until a general resumption of work in the quarry. The court refused to charge that plaintiffs would have had a right to go to work on the tunnel when notified to do so, and hold defendant for damages caused by delay in resuming. *Held* not error, as the court had charged that if defendant gave plaintiffs an opportunity of resuming when general work was resumed, and plaintiffs refused, they could not recover.

Appeal from circuit court, Ulster county; S. L. MAYHAM, Justice.

Action brought by Jeremiah Sullivan, Dennis Foley, and Daniel J. Buckley against the New York & Rosendale Cement Company. Verdict and judgment for plaintiffs, and defendant appeals.

Argued before LEARNED, P. J., and LANDON and INGALLS, JJ.

*John J. Linson,* for appellant.   *D. M. De Witt,* for respondent.

LEARNED, P. J.   If it were a new question, I should think that a defect of parties plaintiff might in all cases be set up by demurrer or answer. Either form of pleading sufficiently apprises the plaintiff of the defect; and an answer is less dilatory.   But it seems to be settled that, if such defect appear in the complaint, the objection must be taken by demurrer.   *Zabriskie* v. *Smith,* 13 N. Y. 322, and other cases.   The question, then, comes up, does the defect appear in the complaint where there is not a distinct averment that the omitted party is living at the commencement of the action?   On the whole, considering the case above cited, and *Eaton* v. *Balcom,* 33 How. Pr. 80, and *Sanders* v. *Yonkers,* 63 N. Y. 489, we conclude that an allegation in the complaint that the omitted plaintiff was living at the time of the action is not needed to make the complaint demurrable.   Therefore this defendant could have demurred, and cannot set up the defect by answer.   We come to this result reluctantly, and follow authorities.

The action is for damages on the ground that defendant prevented plaintiffs from fully performing a written contract between the parties for excavating a tunnel for defendant.   Sullivan, Foley, Enright, and Bradley were the original parties.   Buchley signed subsequently.   Bradley quit working October 1st; Enright, November 25th.   About December 17th work was suspended.   The plaintiffs claim that by their consent the work was suspended two weeks; that after that time they were ready and offered to go on, but were prevented by defendant.   On the 11th of February, a formal notice was sent by plaintiffs, Sullivan, Foley, and Buckley, to defendant that they were ready, and desired to know whether they were to run the tunnel further.   On the 27th of February, defendant demanded by a letter that they should go to work.   To this they replied March 2d that they would go to work if they were paid damages for the stoppage of the work.   Foley had obtained employment with another company, February 15th; Buckley, the 8th.   Sullivan went to work by the day for defendant, the 15th.   The court submitted to the jury the

question what the agreement was as to the suspension of work; and whether the defendant did prevent the plaintiffs from going on and completing the contract at a time when they had a right to proceed with it. No objection seems to have been taken to this. As to the measure of damages stated in the charge, no exception was taken. Several requests by defendant were complied with in the charge. The defendant asked the court to charge that, if plaintiffs were given an opportunity to proceed with the work within a reasonable time after the resumption of work, (that is, general work in the quarry,) the plaintiffs cannot recover. The court charged this, with the qualification within a reasonable time, and before plaintiffs had reasonably engaged in other work. The qualification seems unobjectionable. If the plaintiffs had reasonably engaged in other work, that implied that they had waited for the resumption a reasonable time, and had then found work elsewhere. The court had pointed out to the jury that there were two versions as to the suspension: the plaintiffs', that it was for two weeks; the defendant's, that it was till general resumption of work. And the court had said, almost in the language of the request, that if the defendant tendered the plaintiffs an opportunity to go on with the contract within a reasonable time after the expiration of the period of suspension, it was the duty of plaintiffs to do so, and, failing to do so, they could not recover. Furthermore, on looking at the charge, we find that the court had said that if, on resumption of general work, the defendant gave plaintiffs an opportunity of resuming, then plaintiffs could not recover; so that the only point was whether such opportunity was sufficient if within a reasonable time. In considering this, it was right to have in view whether plaintiffs had reasonably engaged in other work. If they had done so, then the opportunity offered by defendant would not have been within a reasonable time. There was nothing in the written contract allowing any suspension. Whatever suspension lawfully existed, must have been by subsequent agreement of parties. When that ceased, the plaintiffs had a right to go on at once, and the defendant was bound to continue, under the contract, "to furnish all necessary materials."

The defendant asked the court to charge that the plaintiffs would have had a right to go to work upon the tunnel when notified to do so, and hold defendant for damages caused by delay. The court refused. Perhaps, the request meant that the plaintiffs were bound to go to work when thus notified; for whether they had a right to do so or not was not in question. But we must take this refusal in connection with the previous charge, since it is well settled that, when a judge has properly charged the law, he is not required to repeat the same thing, in substance, in order to comply with a request which may contain different language. The judge has previously charged that if the defendant's version was right, and they gave the plaintiffs the opportunity of resuming when general work was resumed, and the plaintiffs refused, then plaintiffs could not recover. If the suspension was only for two weeks, then it could not be claimed that, at the end of that time, the defendant permitted plaintiffs to go to work. That it was the duty of plaintiffs not to be idle, but to engage in other work, when prevented from performing this contract is quite true. When they had engaged in other work, then we cannot say that they were bound to go back to this contract, though requested, if they had waited a reasonable time. There seems to have been no claim by defendant that the damage was mitigated by any amount earned by plaintiffs in other work; so that the question whether that rule of mitigation would apply here does not arise. The plaintiffs could not go on with the work against defendant's wishes, as sufficiently appears by the contract and the proof. We discover no error in the trial. Judgment affirmed, with costs.

INGALLS and LANDON, JJ., concur.