WELLS *v.* KNOX.

*(Supreme Court, Special Term, New York County.* June 14, 1889.)

ASSIGNMENT FOR BENEFIT OF CREDITORS—ACTION AGAINST ASSIGNEE—PARTIES.

An assignor, or his personal representatives, are necessary parties defendant to an action for settlement of an attorney's account against the assignee, under Code Civil Proc. N. Y. § 452, providing that "where a complete determination of a controversy cannot be had without the presence of other parties, the court must direct them to be brought in," as a judgment in such a case would be no bar to another action by the assignor, or his representatives, against the assignee for a subsequent accounting.

On demurrer.

Action by Judson G. Wells against Thomas R. Knox, as assignee, for the settlement of his account as attorney for the insolvent estate.

*Hahls & Lindner,* for plaintiff. *Benno Loewy,* for defendant.

INGRAHAM, J. There is no doubt but that the assignor, or his personal representatives, would be a proper party defendant to this action, but the question is presented whether he is a necessary party so that there is a defect of parties defendant. Section 488 of the Code, allows the defendant to demur where it appears on the face of the complaint that there is a defect of parties plaintiff or defendant; and the question must be determined by section 452 of the Code, which provides that "where a complete determination of the controversy cannot be had without the presence of other parties, the court must direct them to be brought in."

The controversy to be determined in this action is the settlement of the attorney's accounts. Before there can be a complete determination of that controversy, all the parties interested in such settlement must be before the court so as to be bound by the judgment; for it is well settled that a court of equity will not compel a trustee to account, until all the parties who can require him to account are before the court; otherwise he can be required to account a second time. See principle stated in *Cromer* v. *Pinckney,* 3 Barb. Ch. 474.

The assignor is entitled to a return of the property assigned after the payment of his debts. He is therefore entitled to demand from the assignee an accounting. If he is not a party to the action in which the assignee has accounted, it is clear that the judgment in such action would be no bar to his action for an accounting, and there could not, therefore, be a complete determination of the obligation of the assignee in regard to the assigned estate. This principle is recognized by the court of appeals in *Haines* v. *Hollister,* 64 N. Y. 1, where the court, in speaking of making the personal representatives of a deceased assignor a party defendant, say: "Without all of them there would be a want of proper parties." Section 448 of the Code does not apply, because the position of the assignor and creditors are different. The assignor stands by himself. Any one creditor may bring an action for an accounting, but there is no provision by which the provisions of a judgment for an accounting at the suit of a creditor can be extended so as to bind the assignor, where he is not a party to the action. The fact that the assignor is dead does not dispense with the necessity of having his estate represented. Where a representative of the estate is appointed, he will have a cause of action against the assignee to compel him to account, and the assignee should not be compelled to account at all until the representative of the assignor is properly before the court. The demurrer must therefore be sustained. Judgment ordered for the defendant, with costs, with leave to the plaintiff to amend within 20 days, on payment of costs.