ROBERT McCREA, RESPONDENT, *v.* GEORGE CHAHOON AND OTHERS, AS THE BOARD OF SUPERVISORS OF CLINTON COUNTY AND OTHERS, APPELLANTS.

*Taxpayers' suit — claims audited by the board of town auditors cannot be afterwards audited by the board of supervisors— action against several claimants having distinct claims — who are proper parties thereto.*

Upon an appeal from an interlocutory judgment overruling demurrers to the complaint, it appeared that an action was brought by he plaintiff, as a taxpayer of the town of Champlain in the county of Clinton, who had been assessed and paid taxes within a year from the time of the commencement of the action in that town, upon an assessment which exceeded $100, against the board of supervisors of the said county, the supervisor and collector of taxes of said town and fourteen other persons, twelve of whom had separate accounts and claims, and two of whom jointly had an account and claim against the said town, to annul an alleged illegal act on the part of the said board, and to prevent such act from being carried out by the supervisor and collector of taxes of said town, and the receipt of the amount of such claims by the respective claimants.

The complaint alleged that the claimants, who were made defendants, had claims against the town, and that the amount of said claims had been presented to the board of town audit of the town of Champlain, and that three of them were entirely rejected because not itemized, and that the other ten were, respectively, only in part allowed, and the balance rejected, because, as alleged by the board of town audit, the goods furnished and the services performed, which made up the claims, were not worth more than the sum allowed.

That the same claims were presented to the board of supervisors, referred to a committee, and upon the coming in of its report the board of supervisors directed that each of the said claimants be allowed sums in addition to the amounts audited and allowed by the board of town audit, and that a warrant, duly executed, had been issued by the board of supervisors to the collector, commanding him to collect taxes, including the amount of the aforesaid audits.

The complaint prayed for a judgment prohibiting the defendants, supervisor and collector, from paying over the amount allowed in addition to the town audit, and for the restitution of any sums paid, and for such other relief as was by law provided. The defendants demurred upon the ground that the complaint

did not state facts sufficient to constitute a cause of action against them, that there was a misjoinder of parties and that several causes of action had been improperly united.

*Held,* that the complaint alleged a good cause of action against the supervisor and collector of the town of Champlain and the several defendants in whose favor the board of supervisors audited the claims presented by them against the town, but did not state a cause of action against the board of supervisors, nor was it a necessary or proper party to the action.

That the board of town auditors and the board of supervisors have each jurisdiction to audit accounts chargeable against the town, except in the cases in which the statute, chapter 58, Laws of 1860, confers exclusive jurisdiction upon the board of town auditors.

That if the board of town auditors has acquired jurisdiction, that jurisdiction is full and complete, and its action within its jurisdiction, so far as it goes, completes the matter, and if the board of supervisors subsequently acts upon the matter, it necessarily must limit its action to questions yet open, such as the inclusion of the amount in the tax levy.

That as it was not alleged that the claimants, whose accounts were rejected by the board of town auditors as " not itemized," had, after the rejection of their bills there, given the items and then presented the accounts to the board of supervisors, it could not be assumed, upon demurrer, that the board of supervisors had jurisdiction to audit the bills, and that it must be assumed that the subsequent audit and allowance by the board of supervisors of the same claims and accounts previously passed upon by the board of town auditors, were void.

That as the board of supervisors had completed its action in the premises, and neither threatened to do, nor could do anything further, no preventative relief could be had against it, and that it had no interest in the subject-matter of the action.

That it was proper for the plaintiff to bring this action against such parties only as it was needful to hear or to restrain, in order to prevent the waste and injury about to be effected by the payment of the illegal allowances made by the board of supervisors.

It was urged that there was no joint cause of action stated against the defendants, in whose favor the audits were, and that each one was only interested in his own and not in his co-defendant's claim.

*Held,* that as this was an equity action in which each claimant was interested in the single resolution of the board of supervisors, in which all the audits were embraced, that the joinder of all the claimants was authorized by sections 442 and 447 of the Code of Civil Procedure, and by the recognized practice of the court .

APPEAL by the defendants from an interlocutory judgment rendered at a Special Term held in Clinton county, which was entered in the office of the clerk of Clinton county on the 30th day of November, 1888, by which appeal the appellants intended to bring up for review the orders of the Special Term in this case upon

which the said interlocutory judgment was based, and which were entered in the said clerk's office on November 1, 1888.

This action was brought by the plaintiff as a taxpayer of the town of Champlain in the county of Clinton, who has been assessed and has paid taxes within a year from the time of the commencement of the action in that town, such taxes being assessed upon an amount exceeding the sum of $100, against the board of supervisors of said county, the supervisor and collector of taxes of said town and fourteen other persons, twelve of whom have separate accounts and claims, and two of whom jointly have an account and claim against said town, to annul an alleged illegal act on the part of said board, to prevent such act from being carried out by the supervisor and collector of taxes of said town, and the receipt of the amount of such claim by the respective claimants.

The complaint alleged that the several defendants, such claimants, had claims which were town charges only and not county charges. The amount of each claim being stated, that such claims were, respectively, presented to the board of town audit of the town of Champlain, and three of them were entirely rejected because not itemized, and the other ten were, respectively, only in part allowed and the balance rejected because, as alleged by the board of audit, the goods furnished and the services performed, that made up the claims, were not worth more than the sum allowed.

The complaint further alleged that these same claims were, by the respective claimants, presented to the said board of supervisors with the request to audit and allow them against said town of Champlain ; that said board thereupon appointed a committee to examine and report upon said claims, and upon the coming in of the said report, the said board resolved and directed that each of the said claimants be allowed sums in addition to the amount audited and allowed upon said respective claims by said board of audit of the town of Champlain, said several amounts being particularly specified in the complaint, and that said board of supervisors by such resolution directed that the said several amounts audited by it be substituted for the amount allowed on said claims by the said board of audit of the said town of Champlain, thereby allowing and auditing against said town of Champlain the sum of $426.10, illegally and without authority, and imposing said sum as a charge upon said town.

That thereafter, and on or about the 9th day of December, 1887, the said board of supervisors, or a majority of them, issued their warrant to the defendant, Napoleon Sanschagrin, the collector of taxes of the town of Champlain, commanding him to collect a large amount of taxes assessed upon said town to wit: the sum of over $13,000, and pay over the same or part of the same to the defendant, James Averill, Jr., as supervisor of the town of Champlain for town charges assessed upon said town, including the said amount so by them illegally audited against said town.

That the assessment-roll of the said town, with the said warrant delivered to the said collector, contains a direction to said collector to pay over to the said claimants the amounts on their said respective claims allowed by the said board of town auditors, and the additional amounts allowed and audited by the said board of supervisors to said claimants, and that plaintiff has been informed by the defendant, the said supervisor of said town, that he expects to pay said claimants the amount so additionally allowed out of the funds of and from the taxes levied upon said town.

The complaint prayed the judgment of the court prohibiting and enjoining the said defendants, the said supervisor and the said collector of the town of Champlain, from paying over the amount so additionally allowed said claimants by said board of supervisors or any other or greater sums than allowed them by the board of audit of said town of Champlain, and directing the restitution of said sums, if heretofore or hereafter paid said claimants, and for such further relief as by the law provided.

The defendants, constituting the board of supervisors, demurred to the complaint on the ground:

*First.* That the complaint does not state facts sufficient to constitute a cause of action against them.

*Second.* That causes of action have been improperly united. "These defendants should not be joined with all the other defendants named in one and the same action." They should not be joined with either of the defendants named, as presenting claims for audit to said board of supervisors, and if with any one of such defendants, then with only one. That several causes of action, one against each of the persons alleged to have presented claims have been improperly, united.

Each of the defendants, such claimants, except Eveline Smith, and the defendants, constituting the board of supervisors, demurred to the complaint on the same grounds as first above stated; and, second, that causes of action have been improperly joined; that such last-named defendants should not be joined with the defendants named as constituting the board of supervisors of Clinton county; that the defendants, such claimants, should not be joined together each with the other in one action; that if any cause of action is stated in the complaint against any of such claimants, defendants, a separate cause of action against each of the defendants alleged to have presented claims is stated, and it is improper to unite them in one action.

*S. A. Kellogg*, for the appellants.

*Royal Corbin*, for the respondent.

LANDON, J.:

We think the complaint alleges a cause of action against the supervisor and collector of the town of Champlain and the several defendants in whose favor the board of supervisors audited the claim presented by them against the town, but we do not think that a cause of action is stated against the board of supervisors, nor that they are necessary or proper parties to the action.

The action is brought by a taxpayer to prevent waste or injury to the town of Champlain or its taxpayers. (Code Civil Pro., § 1925; chap. 673, Laws 1887.)

The injury threatened is the payment by the collector to the supervisor and by the supervisor to the several claimants of the amounts respectively allowed to them and charged to the town of Champlain by the board of supervisors in excess of the amounts allowed by the board of town auditors upon their previous audit of the same claims. The board of town auditors and the board of supervisors of the county have concurrent jurisdiction to audit accounts chargeable against the town, except in the cases in which the statute (chap. 58, Laws of 1860), confers exclusive jurisdiction upon the board of town auditors. This exception is not here material. The board of town auditors are authorized by chapter 305, Laws 1840,

to audit and allow " the accounts of all charges and claims payable by their respective towns." The board of supervisors are authorized " to audit the accounts of town officers and other persons against their respective towns, and to direct the raising of such sums as may be necessary to defray the same." (1 R. S., 367, § 4.)

The prior audit by the board of town auditors is conclusive and cannot be reviewed or reversed by the board of supervisors. (*Osterhoudt* v. *Rigney*, 98 N. Y., 222, 234.) If the board of town auditors first acquire jurisdiction, that jurisdiction is full and complete, and their action within their jurisdiction, so far as it goes, completes the matter, and if the board of supervisors subsequently act upon the matter, they necessarily must limit their action to questions yet open, such as the inclusion of the amount in the tax levy.

Three of the accounts were rejected by the board of town auditors because " not itemized." This was not a rejection upon the merits, but was conclusive against the accounts in the form in which they were presented to the board of town auditors. As the complaint is framed, it would be competent for the plaintiff to prove that the same accounts in the same form were presented to the board of supervisors. It doubtless would be competent for the claimants after the rejection of their bills because "not itemized" to reconstruct them and give the items, and thus give the board of supervisors jurisdiction. (*Osterhoudt* v. *Rigney, supra.*) But as it does not appear from the complaint that this was done, we cannot assume upon the demurrer that the board of supervisors had jurisdiction to audit these bills. If any issue can be made upon this subject it is an issue of fact, to be presented by the answer. We must assume, therefore, that the subsequent audit and allowance by the board of supervisors of the same claims and accounts previously passed upon by the board of town auditors was void.

It was proper for the plaintiff to bring his action against such parties, as it was needful to hear or to restrain in order to prevent the waste and injury about to be effected by the payment of the illegal appropriations ordered by the board of supervisors. But the board of supervisors had completed their action in the premises, and neither threatened to do nor could do anything further. No preventative relief can be had against them. They had no interest

in the subject-matter of the action, Chapter 673, Laws of 1887, provides that where "the waste or injury complained of consists in any board or officer, * * * by collusion or otherwise, auditing, * * * or conniving at the contracting, audit, allowance or payment of any fraudulent, illegal, unjust or inequitable claims * * * the court may * * * adjudge and declare the colluding or defaulting official personally responsible therefor."

This complaint does not allege any collusion or connivance on the part of the board of supervisors, and hence their good faith must be assumed, and although restitution is asked, the allegations of the complaint do not make a case requiring it.

The separate demurrer of the other defendants was properly overruled. The Code authorizes a demurrer for a defect of defendants, not for an excess. (§ 488; *Fish* v. *Hose*, 59 How., 238.) The fact that no case is stated against the board of supervisors does not avail the other defendants, provided there is a case stated against them.

It is urged that there is no joint case stated against the defendants in whose favor the audits were made; that each one is only interested in his own, and not in his co-defendant's case. But this is an equity action in which each claimant is interested in the single resolution of the board of supervisors in which all the audits are embraced and the audit of the board of town auditors enlarged.

The plaintiff seeks to restrain the payment of the whole amount of the excessive audit, and, therefore, must make each person claiming a part thereof a party. It would be oppressive to the supervisor and collector to be sued in many actions, when the whole controversy can be determined in one action against them. It is not perceived that any claimant can be embarrassed by the case of his co-defendant. The joinder of all the claimants seems to be authorized by sections 447, 452 of the Code, and sanctioned by authority. (*Osterhoudt* v. *Board of Supervisors*, 98 N. Y., 239; *Latham* v. *Richards*, 15 Hun, 129; *Mahler* v. *Schmidt*, 43 id. 512; *Weeks* v. *Cornwall*, 39 id., 643.)

The interlocutory judgment is reversed as to the board of supervisors, with costs, and their demurrer allowed with costs; it is affirmed as to the other defendants, with costs, with the usual leave to all parties to amend on payment of costs.

LEARNED, P. J., and PUTNAM, J., concurred.

Interlocutory judgment reversed as to board of supervisors, and judgment on demurrer for them rendered, with costs. As to other defendants judgment interlocutory affirmed, with costs, with usual leave to withdraw demurrer and answer on payment of costs.