INMAN *et al. v.* CORWIN *et al.*

(*Supreme Court, General Term, First Department.* March 14, 1890.)

NECESSARY PARTIES—DEMURRER.

> Though a complaint may state facts sufficient to entitle plaintiff to relief in equity, yet, where such facts are so connected by allegations affecting the suggested relief as to third parties that their presence as parties to the action is indispensable, a demurrer to the complaint is properly sustained.

Appeal from special term, New York county.

Action by George B. Inman and Willard F. Inman against John E. Corwin and John Wilkin. Plaintiffs appeal from a judgment entered upon an order sustaining a demurrer to their complaint. The complaint demurred to sets forth, in substance, that in April, 1887, the plaintiffs, being copartners, for full value, delivered to one Moses R. Crow two promissory notes,—one made by Inman Bros. for $1,000, payable in three months, the other made by the plaintiff George B. Inman, for the benefit of said Inman Bros., for $800; that at the time of the delivery of said notes so said Crow the plaintiffs also delivered to him stock of the par value of $10,000 as collateral security for the payment of said notes; that said Crow, before the maturity of said notes, delivered the said two notes indorsed by him without recourse to the defendant John Wilkin for collection only, and that said Wilkin never paid any valuable consideration for said notes; that, said notes not having been paid at maturity, on July 25, 1887, they delivered to defendant Wilkin two notes in renewal of the same,—one made by Inman Bros. for $1,016.83, and the other by George B. Inman for $812.66,—both payable to the order of John Wilkin in three months from date; that after the maturity of said last-mentioned notes they gave two notes to the order of said Wilkin,—one for $1,000, made by Inman Bros., and another for $800, made by George B. Inman,—and a check for $80.58; that after giving said notes and check they received notice from the defendant John E. Corwin that he was the holder of the two notes above mentioned, dated July 25, 1887, and that they had been protested for non-payment; that on December 1, 1887, actions were brought by said Corwin upon said notes dated July 25, 1887; that one of said actions was against the plaintiff George B. Inman, and such proceedings were had therein that on the 27th day of December, 1887, a judgment was recovered by said Corwin against said George B. Inman and said John Wilkin for $858.17; that execution was issued and returned unsatisfied, and proceedings supplementary to execution against said George B. Inman have been commenced, and are now pending; that the other of said two actions against Inman Bros. was discontinued, and a note was made by Inman Bros. for $1,000, payable in 60 days to the order of John Wilkin; on this last-mentioned note an action was commenced January 10, 1888, by the said John E. Corwin, as plaintiff, against the plaintiffs in this action, as defendants; that the plaintiffs employed an

attorney to defend them, and that said action is still pending; that plaintiffs are informed and believe that the said defendant John E. Corwin never became the owner or holder in good faith of either of said notes, and that he never paid value for them, or either of them, and that he brought the aforesaid action upon said notes at the request, and as the agent, of the defendant John Wilkin; that, when the promissory notes first mentioned were delivered to defendant John Wilkin by said Crow, it was understood between said Crow and said Wilkin that no action should be brought upon either of said notes without special instructions from said Crow; that Crow has never authorized or instructed said Wilkin or said Corwin to commence an action or actions on said notes, or either of them; that said Crow has demanded that said notes, and the notes in renewal thereof, be returned to him, and has also made a like demand of the defendant Corwin, and has also demanded that said actions be discontinued; that said plaintiffs have never received said shares of stock delivered to said Crow as collateral security; that they are informed by said Crow that said Crow has long since transferred said shares of stock to one Edward P. Browning to secure the payment of over $2,500 advanced by said Browning to said Crow; that plaintiffs charge that defendants have combined and conspired to compel and coerce these plaintiffs to pay the said notes without receiving the said shares of stock, and to annoy and harass the plaintiffs. The prayer for relief is that the judgment be set aside; the pending action enjoined; the notes or the stock referred to be given up to plaintiffs. The grounds of demurrer are as follows: (1) That there are two other actions pending between the same parties for the same cause; (2) it appears upon the face of the complaint that there is a defect of parties defendant; and (3) that the complaint does not state facts sufficient to constitute a cause of action.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Moses R. Crow,* for appellant.   *T. N. Little,* for respondent Corwin.   *Robert D. Petty* and *Gilbert D. Lamb,* for respondent Wilkin.

BRADY, J.   The judgment appealed from must be sustained, if for no other reason than that there is a defect of parties.   Assuming that the facts stated are sufficient to entitle the plaintiff to relief in a court of equity, they are so connected by allegations affecting the suggested relief as to Moses R. Crow and Edward P. Browning that the presence of those persons as parties to the action is indispensably necessary.   It should be observed here that the complaint is inartificially drawn; quite so.   This suggestion is made that the plaintiff, if this action be continued, may remodel that pleading so as to present succinctly and distinctly the facts which are infelicitously arrayed in the present complaint.   This is more particularly necessary for the reason that the contents of the complaint foreshadow a conspiracy between Wilkin and Corwin, which doubtless could be made substantial by proper averments. The judgment should be modified so as to allow the complaint to be amended within 10 days on payment of the costs of the demurrer and of this appeal. All concur.