KELLOGG *v.* AMERICAN MANUF'G & SUPPLY CO., Limited.

(*Supreme Court, General Term, First Department.*  June 6, 1890.)

APPEAL—REVIEW—INSTRUCTIONS.

In an action for wrongfully discharging plaintiff from defendant's service, error in submitting to the jury the question whether a certain individual transaction between plaintiff and the president of defendant company was a reasonable ground for the discharge, is not cured by a subsequent instruction that such transaction did not arise under the contract of employment, when the jury are not told that they should not consider it in determining whether plaintiff was properly discharged.

Appeal from circuit court, New York county.

Action by Fordyce L. Kellogg against the American Manufacturing & Supply Company, Limited. Judgment was entered on a verdict for defendant, and a motion was denied. Defendant appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Arthur H. Smith*, (*L. L. Kellogg*, of counsel,) for appellant.  *N. A. McBride*, (*D. McClure*, of counsel,) for respondent.

VAN BRUNT, P. J. This action was brought to recover damages for alleged breach of contract of employment, said breach being the discharge of the plaintiff from the employment without just cause. The answer of the defendant alleged failure to perform the contract, and denial of the discharge, but that, on the contrary, the plaintiff left of his own accord. The evidence showed that the plaintiff had been employed by the defendant to take charge of the sales of black powder, and also to make himself useful in doing the general business of the company, and that, certain differences having arisen between the plaintiff and one Bedford, the president of the company, either the plaintiff was discharged, or left the employment of the defendant; the plaintiff claiming that he was discharged, and the defendant claiming that he left voluntarily. The circumstances leading up to this severance of the relations between the parties were the subject of considerable conflict of testimony, upon which the jury were called upon to pass. Among other evidence that was introduced was evidence of the fact that the plaintiff had received the title of certain property in which Bedford and other persons were interested; that at or about the time of his discharge, or leaving the employment of the defendant, Mr. Bedford, the president of the defendant, demanded of the plaintiff a conveyance to himself of this property. The plaintiff demurred to making this conveyance upon grounds which he stated to Bedford; and this, it is claimed, was the ground of his discharge. And in submitting the question as to whether the plaintiff had been properly discharged, in commenting upon this refusal to convey, the court said: "Under these cir-

cumstances, and under his allegations in his complaint, and the proof that he was discharged because he would not execute that deed, you are to find whether, upon his side of the case alone, that was a wrongful reason for his discharge, and not a reasonable one." The submission of this point to the jury was excepted to by plaintiff's counsel upon the ground that the subject should not be submitted to the jury, but dealt with by the court as matter of law. In other words, apparently claiming that the court had no right to submit any question in relation to the refusal to execute the deed as a ground of discharge, because it was an individual transaction between Bedford and the plaintiff, and had nothing to do with his relations to the company itself. That this is the correct interpretation of the position of the counsel for the plaintiff is evidenced by a clause in the subsequent part of the charge, where the court, apparently upon request, charged that the transaction in regard to the execution and delivery of the deed was not one arising under his contract of employment, and, using its own language: "It was not. That was a matter which, although connected with these parties, arose under the partnership agreement of Smith & Co., where Kellogg, the plaintiff, was a party."

The question presented by this exception is whether that part of the charge was retracted by the subsequent language of the court. We do not find that it was. The court left it to the jury to find whether, if he was discharged because he would not execute that deed, that it was a wrongful reason for his discharge, and not a reasonable one. All that was subsequently said was that the transaction in regard to the deed was not one arising under the contract of employment. The jury were not instructed that therefore it could form no ground for the discharge. If they had been so instructed, then the erroneous view given to the jury would have been done away with, and the charge would have been correct. But, although the court stated the abstract proposition that this transaction was not one arising under the contract of employment, it did not instruct the jury that therefore, in determining the question as to whether the plaintiff was properly discharged or not, they should not take that into consideration. Therefore the jury may have inferred that, although this transaction did not arise under the contract of employment, yet still the previous instruction said that they had a right to find whether or not the circumstances attending that transaction offered a reasonable ground for the discharge of the plaintiff; and this objection seems to us of so great importance as to call for a reversal of the judgment.

There are no other objections or exceptions which it is important now to consider, as they were properly disposed of. The judgment should be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.