### HODGE *et al.* v. DRAKE *et al.*

(*Supreme Court, General Term, First Department.* April 17, 1891.)

1. DEFECT OF PARTIES—SUFFICIENCY OF DEMURRER.

    A demurrer upon the ground that "there is a defect of parties plaintiff" is properly overruled, under Code Civil Proc. N. Y. § 490, requiring a demurrer to specify the objections upon which it is based. A demurrer upon the ground "that two causes of action have been improperly united in said complaint" is properly overruled for the same reason.[1]

[1] See note at end of case.

2. Assumpsit—Pleading.

A complaint which alleges that plaintiffs and another performed certain labor for and supplied materials to the defendants, at their request, and that plaintiffs' co-laborer assigned his rights against defendants to them, and that defendants had received moneys to the use and benefit of the plaintiffs which they failed to pay over, shows a sufficient cause of action against the defendants.

Appeal from special term, New York county.

Action by Irvine A. Hodge and Lyman E. Miner against John H. Drake and others, to recover upon a contract and for money had and received by the defendants to the plaintiffs' use. The defendants appeal from an interlocutory judgment overruling a demurrer to the complaint, and from an order directing entry of judgment thereon.

Argued before VAN BRUNT, P. J., and DANIELS, J.

*Arthur C. Butts*, for appellants. *George S. Terry*, for respondents.

DANIELS, J. The action is upon contract for work, labor, materials, and money had and received to the use of the plaintiffs. The first cause of demurrer assigned is that "there is a defect of parties plaintiff." In what the defect consists has not been stated, as that has been required to be done by section 490 of the Code of Civil Procedure, to render the demurrer for that cause sufficient; and it was properly overruled by the special term. *Anderton* v. *Wolf*, 41 Hun, 571; *Dodge* v. *Colby*, 108 N. Y. 445, 15 N. E. Rep. 703.

The second cause of demurrer is "that two causes of action have been improperly united in said complaint." To make this objection available, the section of the Code already mentioned has directed that it must point out specifically the particular defect relied upon. That was not done, and this branch of the demurrer must fail because of that defect.

Beyond that, the plaintiffs are stated to have one of them acquired the interest of their copartner, Frank S. Ketchum, in the several causes of action which accrued in favor of their firm, by an assignment from him, which, added to their own interests, vested them with all the interest and right intended to be enforced by the action, and avoided the ground of the first objection, even if it had been specifically enlarged; and there is certainly no better foundation for the second objection, for the causes of action, as they have been severally set forth, are all upon contract, and equally affect the parties to the action.

The third and last objection is that the complaint fails to state facts sufficient to constitute a cause of action. This is fully answered by the facts alleged, that the plaintiffs, together with Frank S. Ketchum, performed work and labor at the request of the defendants, and supplied materials for the work, and sold and delivered certain materials to the defendants, and that Ketchum had assigned his interest in these causes of action to one of the plaintiffs, which vested them completely with the title; also that the defendants had received money belonging to these two plaintiffs, which they had failed to pay over. In all these allegations there certainly was one or more causes of action stated, and this third ground of demurrer was unfounded. The judgment should be affirmed, with costs.

## NOTE.

Demurrer for Misjoinder and Defect of Parties—Who may Demur. To make the non-joinder of a party defendant sufficient ground for demurrer, it must appear that the demurrant has an interest in having the other party joined, as in the case of a joint liability of such other party with himself, otherwise it is sufficient that a cause of action be shown against the demurrant. Sanders v. Village of Yonkers, 63 N. Y. 489; Hillman v. Hillman, 14 How. Pr. 456; Newbould v. Warrin, 14 Abb. Pr. 80; Littell v. Sayre, 7 Hun, 485; Railroad Co. v. Schuyler, 17 N. Y. 592.

—— Misjoinder of Plaintiffs. In order to take advantage of the misjoinder of plaintiffs, it is not sufficient that defendant assigns as ground for his demurrer merely that there is a misjoinder, but he must specify the plaintiffs that are so improperly joined, and must further state the reason why such joinder is improper. Nor can an

objection to the misjoinder of parties plaintiff be taken under a demurrer to the complaint for failure to state facts sufficient to constitute a cause of action.  Berney v. Drexel, 33 Hun, 419.  Where, in an action by a bank and one of its stockholders, the complaint alleges that the action was originally brought by the stockholder alone, but that by order of court the bank was made a party, a demurrer for misjoinder of plaintiffs does not put in issue the validity of this order, since a demurrer admits the allegations of the complaint, and hence the complaint must be treated as if the action had been originally brought by both plaintiffs.

The complaint, in an action by all the surviving partners to compel the executor of a deceased partner to transfer to the copartnership, for copartnership purposes, certain patents belonging to it which his testator had agreed to transfer, shows a joint cause of action, and there is no misjoinder of parties plaintiff, though upon the death of such testator one of the plaintiffs had been appointed sole manager of the partnership business, pursuant to a partnership agreement.  Berolzheimer v. Strauss, 7 Civil Proc. R. 225.

In Enos v. Leach, 18 Hun, 139, an action by two sureties, who had paid a note, against the maker, to recover the amount thereof, it was held that the complaint was not demurrable for misjoinder of plaintiffs, where it appeared therefrom that the note was paid with money belonging to them jointly, and the court said: "The obligation [of the maker to refund what the sureties have paid] springs from the justice and equity of the case, and is commensurate with such justice and equity.  The implied obligation, then, will be joint or several, as the right and equity is joint or several.  It follows that, if the payment by the sureties be made from their joint funds, the equity to have repayment is in them jointly, and the obligation rests upon the principal to make repayment to them."

—— EFFECT OF MISJOINDER.  The fact that there is a misjoinder of parties plaintiff does not afford good ground for a motion to dismiss the complaint of both plaintiffs, if either of them has shown that he has a good cause of action; but in such a case the motion must be for a dismissal of the complaint of the plaintiff in whom no cause of action appears.  Simar v. Canaday, 53 N. Y. 298.

—— NON-JOINDER OF PLAINTIFFS.  The defect of parties plaintiff must appear on the face of the complaint; and hence it was held in Haines v. Hollister, 64 N. Y. 1, an action by a creditor for an accounting against the assignee and surviving partners of an insolvent firm, that the complaint was not demurrable for the non-joinder of other creditors, as it did not appear on its face that there were such others.  Cornell v. Mayor, etc., 9 Hun, 285, was an action by one of the two commissioners appointed to open and widen streets in the city of New York, for his fees, and for the disbursements and expenses of the proceedings.  The court said that the commissioners' claims for fees were several, but that their obligation for expenses and disbursements was joint, and held that their right of action to recover such disbursements was joint, and hence it was error to overrule as frivolous a demurrer to the complaint for failure to join the personal representative of the other commissioner, deceased.

—— CREDITORS' BILL.  It is not a ground of demurrer to a creditors' bill that all the creditors of the judgment debtor are not joined as plaintiffs.  Hammond v. Machine Co., 20 Barb. 378.  And where the complaint in its beginning recites that plaintiffs sue on behalf of themselves and all other judgment creditors of defendant who are similarly situated, it is no ground for a demurrer for defect of parties that the cause is not entitled as one on behalf of creditors, etc., should be, for this recital sufficiently indicates the distinct character of the suit.  Cochran v. Opera Co., 20 Abb. N. C. 114.  It was further held in the latter case that the summons could not be looked to in order to sustain such a demurrer.

—— TENANTS IN COMMON.  Where, in an action for trespass to land, the complaint alleges that each of the plaintiffs is owner of a specified fractional part of the land, the sum of which parts is less than the whole, it admits that there were other parties jointly interested with plaintiff in the claim in suit, and for their non-joinder the complaint is demurrable.  De Puy v. Strong, 37 N. Y. 372.

—— MISJOINDER OF DEFENDANTS.  "The mere joinder of too many persons as defendants, when there is no misjoinder of subjects, is not a ground of demurrer by any one of them against whom the complaint sets forth a good cause of action.  A demurrer may be interposed for a defect of parties, but not for the reason merely that too many of them are brought in."  Railroad Co. v. Schuyler, 17 N. Y. 592.  The defect of parties defendant for which a demurrer may be interposed is a deficiency, and demurrer will not lie for misjoinder of defendants.  Fish v. Hose, 59 How. Pr. 238; Paxton v. Brogan, 10 N. Y. Supp. 303.

—— NON-JOINDER OF DEFENDANTS.  "If the court can determine the controversy before it without prejudice to the rights of others, or by saving their rights, then a demurrer for the non-joinder of such parties is not well taken.  If, on the contrary, a complete determination of the controversy cannot be had without the presence of the other parties, the demurrer is well taken."  Wallace v. Eaton, 5 How. Pr. 99.

The fact that there is an omitted party must appear on the face of the complaint.  In Botsford v. Dodge, 65 How. Pr. 145, the court sustained the overruling of a demurrer, for defect of parties defendant, to a complaint against two trustees of a corporation, saying that, though the law requires a corporation to have three trustees, the averment of incorporation in the complaint involved no allegation of the existence of any specific

number of trustees, and that therefore the court would not presume that there were more trustees than were named defendants. Furthermore, where something more than the relation of the omitted person to the parties is necessary to show his interest in the controversy, such fact or facts must appear in the complaint; and hence in an action by a married woman for the recovery of her separate estate, a demurrer will not lie for the non-joinder of the husband as a defendant, where it is not shown that he has an interest in the subject-matter such as to render him a necessary party. Hillman v. Hillman, 14 How. Pr. 456. And "the plaintiffs certainly cannot be bound to name as defendants persons of whose names they are ignorant;" so that a complaint is not demurrable for defect of parties when it sets up a cause of action against defendants "and certain other persons whose names are unknown to these plaintiffs, but whose names, when discovered, the plaintiffs pray for leave to join as defendants." Earle v. Scott, 50 How. Pr. 506.

Though a complaint may state facts sufficient to entitle plaintiff to relief in equity, where such facts are so connected by allegations affecting the suggested relief as to third persons that their presence as parties to the action is indispensable, a demurrer to the complaint is properly sustained. Inman v. Corwin, 9 N. Y. Supp. 195.

DEMURRER—ACTIONS AGAINST ASSIGNEE. In an action against an assignee for the benefit of creditors for the settlement of an attorney's account, the complaint is demurrable, where it fails to make the assignor or his personal representative a party defendant. Wells v. Knox, 7 N. Y. Supp. 45. And in an action by a judgment creditor to set aside as fraudulent a conveyance by his debtor to certain of the defendants, and to remove an assignee in an assignment made by him for the benefit of creditors, the latter form of relief renders the judgment debtor a necessary party defendant, and·the complaint is demurrable for failure to join him as such. Wallace v. Eaton, 5 How. Pr. 99.

—— CESTUIS QUE TRUSTENT. It appeared from the allegations of a bill that a testator had devised his property in trust for each of his three children for their respective lives, with remainder over, and directed that the share held in trust for the last survivor of them should go to his issue, if any he had; otherwise to the issue of the deceased children of testator. The suit was brought by the surviving child to have the trusts in remainder declared void, and himself entitled to a fee-simple in his share instead of a life-estate. It was held that the issue of the deceased children were necessary parties, and that the bill was demurrable because this defect was apparent on its face. Moore v. Hegeman, 6 Hun, 290.

—— PRESUMPTION OF LIFE OF OMITTED PARTY. Where the failure to join as parties plaintiff persons who had been interested in the contract sued on, but had abandoned it, is apparent on the face of the complaint, it can only be taken advantage of, if at all, by demurrer, even though the complaint does not show that such persons were alive at the commencement of the action. The ordinary presumption of life applies for this purpose. Sullivan v. Cement Co., (N. Y.) 23 N. E. Rep. 821, affirming 1 N. Y. Supp. 403. And the same rule applies to an omitted defendant in an action on a joint obligation against one contractor only. Eaton v. Balcom, 33 How. Pr. 80.

—— WAIVER. Where the defect of parties, plaintiff or defendant, appears on the face of the complaint, and is not taken advantage of by demurrer, the objection is waived. Chamberlain v. Insurance Co., 3 N. Y. Supp. 701; Ostrander v. Weber, (N. Y.) 21 N. E. Rep. 112. This was held in an action by one of several joint tenants of personalty for an injury thereto, in Zabriskie v. Smith, 13 N. Y. 322; in an action on a bond by one only of the payees, the complaint alleging that it was made to eight persons, in Hees v. Nellis, 1 Thomp. & C. 118; in an action by one tenant in common of a chattel real for conversion of his interest, in Maxwell v. Pratt, 24 Hun, 448; in an action to charge the payment of legacies on testator's land, the executrix not being made a defendant, in Briggs v. Carroll, 3 N. Y. Supp. 686; and in an action for slander by a married woman who sued without joining her husband, in Ward v. Deane, 10 N. Y. Supp. 421.

—— DEMURRER OR ANSWER. Where a demurrer can be interposed for defect of parties, the defendant is confined to that remedy alone, and it is only where evidence is necessary to make the defect apparent that an answer to that point is permitted. De Puy v. Strong, 37 N. Y. 372.