Gilderst eeve, J.
The action is brought by an infant for damages for wrongful dismissal from the employment of the defendant, which employment is alleged in the complaint to have been entered on, under an agreement in writing, for three years. *157 A copy of this agreement is annexed to the complaint and made a part of it The allegation in the complaint is that the plaintiff was discharged without reasonable cause about three months after entering upon "the employment, and the action is brought for damages for loss of wages under said agreement of employment, from the date of dismissal to the end of the. term of three years. The defendant demurs on the grounds: (1) That the plaintiff has not legal capacity to sue; (2) that there is a defect of parties plaintiff ; (3) that the complaint does not state facts sufficient to constitute a cause of action. I do not think the first and second grounds of demurrer can be sustained. There is nothing on the face of the complaint to show that plaintiff has not legal capacity to sue or that there is a defect of parties plaintiff, and the demurrer fails to point out specifically the particular defect relied upon. Where the "demurrer is made on the ground that the plaintiff has not legal capacity to sue, or that there is a defect of parties plaintiff, it must point out specifically the particular defect relied upon (Code, § 490); and where these grounds are not specifically stated, the demurrer, so far as based on these grounds, may be disregarded. Dodge v. Colby, 108 N. Y. 445; 13 St. Rep. 848. A mere general statement in a. demurrer that “there is a defect of parties plaintiff,” or that “the plaintiff has not legal capacity to sue,” without stating the defects relied upon specifically, is insufficient. See Hodge v. Drake, 37 St. Rep. 933; 14 N. Y. Supp. 355; Code, § 490; Dodge v. Colby, 108 N. Y. 445 : 13 St. Rep. 848. There now remains to be discussed the third ground of demurrer, i. e., that the complaint does not state facts sufficient to constitute a cause of action. A demurrer is only proper when the ground thereof appears on the face of the complaint. Getty v. Hudson River R. R. Co., 8 How. Pr. 177; Phœnix Bank v. Donnell, 40 N. Y. 410. On demurrer the complaint must be liberally construed, must be taken as true. The complaint alleges that the agreement of employment was entered into by plaintiff and defendant in writing, and it sets forth a copy of the agreement, which appears to be signed by the plaintiff' and two others. It does not appear who these two others are, but, in view of the allegation of the complaint that defendant, as well as plaintiff, entered into the contract, it may be reasonably supposed that the agreement was signed by defendant’s agent as well as by plaintiff. The plaintiff entered upon his employment and continued in such employment for some three months, when he was discharged. The contract of employment provides that “ this agreement to run for the period of three years, provided my (i. e., plaintiff’s) services shall be satisfactory to the publishers (t. e., the defendant); and in 'case they are not, I shall be entitled to one week’s notice,” etc. To be sure, the complaint does not state whether plaintiff was given one week’s notice or not, but it is fair to assume that it was given, as the point is not raised in the complaint. But the complaint alleges that plaintiff was discharged “ without any reasonable cause whatever.” In the agreement the defendant reserved to itself the power to discharge the plaintiff whenever his services ceased to be satisfactory to the defendant, upon giving plain *158 tiff one week’s notice; but the complaint alleges that plajntiff was not discharged for any reasonable cause, and certainly it would have been reasonable cause if his services had not been satisfactory. It is quite within the bounds of possibility that plaintiff may have been discharged for some other reason than unsatisfactory performance of his services, but this reason, whatever it may have been, is alleged in theicomplaint to have been unreasonable, and, therefore, not justifiable within the contract. As I have said, the complaint mnst be literally construed, and all its allegations must be taken to be true, so far as the determination of the demurrer is concerned. I am of opinion that so far. as appears on the face of the complaint, the agreement was in writing and .subscribed by the parties to be charged therewith, and, therefore, not void under the statute. Laws 1863, chap. 464. The third ground of the demurrer is, therefore, not well taken. The demurrer must be overruled, with leave to defendant to answer on payment of costs within twenty days after service of notice of entry of the order hereon.
Ordered accordingly.