### JAMES T. WHITE & CO. v. OAKES.

(Supreme Court, Appellate Term. June 25, 1909.)

PLEADING (§ 218*)—DEMURRER—GROUNDS—PROOF.
　　Where defendant demurred to plaintiff's complaint on the ground of another action pending, which fact did not appear on the face of the complaint, the court erred in permitting proof thereof by affidavits.
　　[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 218.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by James T. White & Co. against Chandler A. Oakes. From a Municipal Court judgment sustaining a demurrer to plaintiff's complaint, it appeals. Reversed, with leave to plead.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Edward K. Sumerwell, for appellant.
Jacob Steinbach, for respondent.

SEABURY, J. This is an appeal from a judgment sustaining a demurrer to the complaint. The pleadings were oral. The cause of action alleged was for goods sold and delivered, although in the bill of particulars served the cause of action is alleged to be upon a promissory note made by the defendant. The defendant demurred to the complaint upon the ground "that there is another action pending between the same parties for the same cause."

In order to justify a demurrer to a complaint upon this ground, it is necessary that the fact that another action was pending between the same parties for the same cause should "appear upon the face" of the complaint. Municipal Court Act (Laws 1902, p. 1540, c. 580) § 158; Haines v. Hollister, 64 N. Y. 1. There is nothing in the oral complaint or the statement of the cause of action to show that another cause of action was pending between the same parties, and the demurrer should have been overruled. The court below, appreciating that there was nothing in the complaint or in the oral statement of the plaintiff's cause of action which suggested the pendency of another cause of action between the parties, took proof by affidavit upon this issue. This procedure was irregular and unauthorized.

Judgment reversed, with costs to the appellant, with leave to defendant to plead over upon payment of costs in this court and in the court below within six days.   All concur.